IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED,<br>    Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA ,<br>    Defendant. | Civil Action No. 1:05cv01446 (PLF) |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to LCvR 7.1 and F.R.Civ.P. 12(b)(1), defendant District of Columbia hereby moves to dismiss this case. The reason for this motion is that the Court lacks jurisdiction over the subject matter. The parties lack diversity and there is no federal question involved in that this is a simple negligence case. A Memorandum of Points and Authorities in support of this motion, along with a proposed Order (**Attachment 1**), is attached hereto. (Because this is a dispositive motion, the District need not request the plaintiff's consent.)

              Respectfully submitted,

              ROBERT J. SPAGNOLETTI
              Attorney General for the District of Columbia

              GEORGE C. VALENTINE
              Deputy Attorney General
              Civil Litigation Division

               /s/
              DAVID A. JACKSON [D.C. Bar #471535]
              Assistant Attorney General
              Civil Litigation Division
              Acting Section Chief
              General Litigation, Section II

/s/
_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
 Suite 6South47
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (FAX)
urenthea.mcquinn@dc.gov

August 9, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALICIA Y. ALFRED,**<br>            **Plaintiff,**<br><br>            v.<br><br>**DISTRICT OF COLUMBIA ,**<br>            **Defendant.** | Civil Action No. 1:05cv01446 (PLF) |

### DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to LCvR 7.1 and F.R.Civ.P. 12(b)(1), defendant District of Columbia hereby submits this memorandum of points and authorities in support of its Motion to Dismiss. Plaintiff brought this action, pursuant to 28 U.S.C. § 1332.

### *Standard of Review*

Under settled law, the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone. *Herbert v. National Academy of Sciences*, 297 U.S. App. D.C. 406 (D.C. Cir., 1992).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations set forth in the complaint and must draw all reasonable inferences from those allegations in favor of the non-moving party. See *Artis v. Greenspan*, 332 U.S. App. D.C. 395, 158 F.3d 1301, 1305-06 (D.C. Cir. 1998); *Pitney Bowes Inc. v. United States Postal Service*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). While the complaint is to be construed liberally, the Court need not accept factual

3

inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. See *National Treasury Employees Union v. United States*, 322 U.S. App. D.C. 135, 101 F.3d 1423, 1430 (D.C. Cir. 1996). *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 47 (D.D.C., 2003).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. See, e.g., *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). However, the Court is free to consider material outside the pleadings for purposes of resolving jurisdictional issues. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction.") (*citing Land v. Dollar*, 330 U.S. 731, 735 n.4, 91 L. Ed. 1209, 67 S. Ct. 1009 (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Fed. R. Civ. P. 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis v. Greenspan*, 223 F. Supp. 2d at 152 n.1. *Id*. In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction. *Id*. *Caesar v. United States*, 258 F. Supp. 2d 1, 2-3 (D.D.C., 2003).

*Facts*

On the morning of April 25, 2005, plaintiff, Alicia Y. Alfred, a Maryland citizen, discovered that her car had been stolen. She reported this to the Prince Georges County Police. Because her car was equipped with the LoJack system, the District of Columbia Metropolitan Police Department ("MPD") notified her of the recovery of her car.

4

Plaintiff contends that Officer Fanone of the MPD assured her that he would remove the status of stolen from her vehicle in the LoJack system, but that he failed to do so. At approximately midnight of April 26, 2005, an MPD officer told plaintiff that her car was cleared in the National Crime Information Center ("NCIC"), but not in the LoJack system. On April 26, 2005, at approximately 11:15 a.m., the Arlington County Police handcuffed and detained plaintiff in front of her office building in view of her supervisor and coworkers until they could ascertain whether or not she had stolen the car.

On July 22, 2005, plaintiff sued the District of Columbia, pursuant to 28 U.S.C. § 1332, for negligence with regard to these incidents.

*Argument*
### I. THERE IS NO DIVERSITY JURISDICTION OVER SUITS BETWEEN THE DISTRICT OF COLUMBIA AND THE CITIZENS OF THE VARIOUS STATES

In *District of Columbia v. L. B. Smith, Inc*., 474 F. Supp. 894, 895 (D.D.C., 1979), the court held specifically that there was no diversity jurisdiction over suits between the District of Columbia and the citizens of the various states. The jurisdictional issue in that case was whether or not diversity jurisdiction existed over a suit between the District of Columbia, as a municipal corporation, and two defendants who resided outside the District. In order to resolve the question, the Court looked to whether the District of Columbia bore a greater similarity to a municipal corporation than to one of the states. Because the Court found the analogy to a state more appropriate, it concluded that it was without diversity jurisdiction over that action.

Section 1332(a)(1) of title 28, United States Code, grants federal courts subject matter jurisdiction over the following suits:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the

5

> sum or value of $ 10,000, exclusive of interest and costs, and is between
>
> (1) citizens of different States;

Subsection (d) of section 1332 provides:

> (d) *The word "States," as used in this section, includes* the Territories, *the District of Columbia*, and the Commonwealth of Puerto Rico.

Emphasis added.

A suit between a citizen of the District of Columbia, therefore, and the citizen of a state falls within the diversity jurisdiction of the federal courts.

A suit between a state and a citizen of another state, however, is beyond the scope of section 1332(a)(1). *Ohio v. Wyandotte Chemicals Corp.*, 401 U.S. 493, 498 n.3, 91 S. Ct. 1005, 28 L. Ed. 2d 256 (1971). *In Postal Telegraph Cable Co. v. State of Alabama*, 155 U.S. 482, 487, 15 S. Ct. 192, 194, 39 L. Ed. 231 (1894), the Supreme Court declared:

> *A state is not a citizen.* And under the judiciary acts of the United States it is well settled that a suit between a state and a citizen or a corporation of another state is not between citizens of different states, and that the circuit court of the United States has no jurisdiction of it, unless it arises under the constitution, laws, or treaties of the United States.

*District of Columbia v. L. B. Smith, Inc.*, 474 F. Supp. 894, 896 (D.D.C., 1979).[1]

Emphasis added. The court in the *L.B. Smith* case neatly summed up the exclusion of the District of Columbia as a citizen for diversity purposes:

> In essence, this Court is confronted with a statute which is completely silent regarding the status of the District of

---

[1] In contrast to the fifty states, cities, as municipal corporations, are subject to a different analysis. For the purpose of determining diversity of citizenship, political subdivisions are regarded as citizens of their respective states. *Illinois v. City of Milwaukee*, 406 U.S. 91, 97, 92 S. Ct. 1385, 31 L. Ed. 2d 712 (1972); *Bullard v. City of Cisco, Texas*, 290 U.S. 179, 187, 54 S. Ct. 177, 78 L. Ed. 254 (1933). *District of Columbia v. L. B. Smith, Inc.*, 474 F. Supp. 894, 896 (D.D.C., 1979).

6

>Columbia as a litigant with non-resident defendants. The Supreme Court has explained that "(t)he policy of the statute conferring diversity jurisdiction upon the district courts calls for its strict construction." *Thomson v. Gaskill*, 315 U.S. 442, 446, 62 S. Ct. 673, 675, 86 L. Ed. 951 (1942). Because the District is not designated as one of the parties included within Congress' grant of diversity jurisdiction, the Court holds that it is without a statutory basis for subject matter jurisdiction. Section 1332(a) simply fails to include the District within its sweep and it is beyond the power of this Court to alter that fact. Accordingly, neither the District nor those with whom it litigates may benefit from this Court's power over diverse parties.

*Id.* at 896 (D.D.C., 1979).

## II. THIS SIMPLE NEGLIGENCE CASE IS NOT ONE WHICH ARISES UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES

Given that this case does not have diversity jurisdiction because it does not involve the citizens of different states, but instead it involves the District, which has the equivalency of a state for diversity jurisdictional purposes, and a citizen of another state, we next must ask whether the case before us involves a federal question that arises under the Constitution, laws or treaties of the United States in order for this court to retain jurisdiction. It does not. It is a simple negligence case. See the only count of the Complaint, Count I, Negligence ¶¶ 129-138. (7/22/05).

### *Conclusion*

For all of the foregoing reasons, plaintiffs' Complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
DAVID A. JACKSON [D.C. Bar #471535]
Assistant Attorney General
Civil Litigation Division
Acting Section Chief
General Litigation, Section II

_____/s/_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
 Suite 6South47
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (FAX)
urenthea.mcquinn@dc.gov

August 9, 2005