IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED,<br>               Plaintiff,<br><br>      v.<br><br>DISTRICT OF COLUMBIA ,<br>               Defendant. | Civil Action No. 1:05cv01446 (PLF) |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to F.R.Civ.P. 6(b) and 12(b)(1), defendant District of Columbia hereby moves to dismiss plaintiff's Amended Complaint. The reason for this motion is that the Court lacks jurisdiction over the subject matter. There is no federal question involved herein; this is a simple negligence case. A Memorandum of Points and Authorities in support of this motion, along with a proposed Order (**Attachment 1**), is attached hereto. (Because this is a dispositive motion, the District need not request the plaintiff's consent.)

                Respectfully submitted,

                ROBERT J. SPAGNOLETTI
                Attorney General for the District of Columbia

                GEORGE C. VALENTINE
                Deputy Attorney General
                Civil Litigation Division

                   /s/
                NICOLE L. LYNCH [D.C. Bar #471953]
                Chief, General Litigation, Section II

/s/
_____
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Suite 6South47
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (FAX)
urenthea.mcquinn@dc.gov

October 5, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED,<br>            Plaintiff,<br><br>         v.<br><br>DISTRICT OF COLUMBIA,<br>            Defendant. | Civil Action No. 1:05cv01446 (PLF) |

## DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to F.R.Civ.P. 6(b) and 12(b)(1), defendant District of Columbia hereby submits this memorandum of points and authorities in support of its Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff brought this action, pursuant to 28 U.S.C. § 1331.

*Standard of Review*

Under settled law, the District Court may in appropriate cases dispose of a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) on the complaint standing alone. *Herbert v. National Academy of Sciences*, 297 U.S. App. D.C. 406 (D.C. Cir., 1992).

On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all factual allegations set forth in the complaint and must draw all reasonable inferences from those allegations in favor of the non-moving party. See *Artis v. Greenspan*, 332 U.S. App. D.C. 395, 158 F.3d 1301, 1305-06 (D.C. Cir. 1998); *Pitney Bowes Inc. v. United States Postal Service*, 27 F. Supp. 2d 15, 19 (D.D.C. 1998). While the complaint is to be construed liberally, the Court need not accept factual

3

inferences drawn by plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions. See *National Treasury Employees Union v. United States*, 322 U.S. App. D.C. 135, 101 F.3d 1423, 1430 (D.C. Cir. 1996). *Primax Recoveries, Inc. v. Lee*, 260 F. Supp. 2d 43, 47 (D.D.C., 2003).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is virtually identical to that used for 12(b)(6) motions. See, e.g., *Vanover v. Hantman*, 77 F. Supp. 2d 91, 98 (D.D.C. 1999). However, the Court is free to consider material outside the pleadings for purposes of resolving jurisdictional issues. *Artis v. Greenspan*, 223 F. Supp. 2d 149, 152 (D.D.C. 2002) ("[a] court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction or subject matter jurisdiction.") (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4, 91 L. Ed. 1209, 67 S. Ct. 1009 (1947)). So long as the Court considers matters outside the pleadings only with respect to the issues raised pursuant to Fed. R. Civ. P. 12(b)(1) and relating to lack of subject matter jurisdiction, a motion to dismiss is not converted to one for summary judgment. *Artis v. Greenspan*, 223 F. Supp. 2d at 152 n.1. *Id*. In the Rule 12(b)(1) context, the plaintiff bears the burden of proving jurisdiction. *Id*. *Caesar v. United States*, 258 F. Supp. 2d 1, 2-3 (D.D.C., 2003).

*Facts*

On the morning of April 25, 2005, plaintiff, Alicia Y. Alfred, a Maryland citizen, discovered that her car had been stolen. She reported this to the Prince Georges County Police. Because her car was equipped with the LoJack system, the District of Columbia Metropolitan Police Department ("MPD") notified her of the recovery of her car.

4

Plaintiff contends that Officer Fanone of the MPD assured her that he would remove the status of stolen from her vehicle in the LoJack system, but that he failed to do so. At approximately midnight of April 26, 2005, an MPD officer told plaintiff that her car was cleared in the National Crime Information Center ("NCIC"), but not in the LoJack system. On the following morning, April 26, 2005, at approximately 11:15 a.m., the Arlington County Police handcuffed and detained plaintiff in front of her office building in view of her supervisor and coworkers until they could ascertain whether or not she had stolen the car.

On July 22, 2005, plaintiff sued the District of Columbia, pursuant to 28 U.S.C. § 1332, for negligence with regard to these incidents. On August 9, 2005, defendant filed a Motion to Dismiss this case for lack of subject matter jurisdiction: there was no diversity of citizenship and there was no federal question involved. On August 25, 2005, plaintiff filed an Amended Complaint in which she maintained that she brought this case before the Court pursuant to 28 U.S.C. 1331. According to plaintiff, jurisdiction is proper because this action arises under 42 U.S.C. §1981. The defendant hereby moves to dismiss this Amended Complaint also for lack of subject matter jurisdiction.

*Argument*

### I. PLAINTIFF HAS NOT DEMONSTRATED THAT FEDERAL QUESTION JURISDICTION EXISTS HEREIN BECAUSE TITLE 42 U.S.C. § 1981 IS NOT APPLICABLE TO THIS CASE

In Count II of the Amended Complaint, ¶¶ 139 through 141 (8/25/05), plaintiff incorrectly cites 42 U.S.C. § 1981 as applicable herein. While it is indeed a federal statutory provision, it has no bearing on this case. 42 USCS § 1981 provides as follows:

§ 1981. Equal rights under the law

> (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.
>
>  History:
>    (R.S. § 1977; Nov. 21, 1991, P.L. 102-166, Title I, § 101, 105 Stat. 1071.).[1]

Thus, § 1981 secures equal contracting rights without regard to race:

> The vast majority of § 1981 claims, including those arising from employment, assert violations of the "same right … to make and enforce contracts" clause.  A few however, are brought under the "equal benefit" clause, which provides a claim where a plaintiff can demonstrate that a defendant, motivated by racial animosity, has deprived or attempted to deprive him of "the full and equal benefit" of a law or proceedings "for the security of persons and property."

LEWIS & NORMAN, CIVIL RIGHTS LAW AND PRACTICE, 19 (West 2d ed., 2001).

Upon even a cursory glance at 42 U.S.C. § 1981 and plaintiff's Amended Complaint, it is

---

[1] Unlike 42 U.S.C. § 1983, which is based upon the Fourteenth Amendment, 42 U.S.C. § 1981 is based upon the Thirteenth Amendment and, like 42 U.S.C. § 1982, was originally enacted in the Civil Rights Act of 1866. *Lewis v. Bethlehem Steel Corp.* 440 F. Supp. 949, 20 BNA FEP Cas 485, 16 CCH EPD P 8327 (DC Md. 1977).

obvious that this provision has no bearing on the set of facts related by plaintiff in her Amended Complaint. Plaintiff's implication that a failure to remove the listing of her car as stolen from the LoJack system has racially discriminated against her contractual rights stretches even the wildest imagination. Plaintiff's own allegations in the Amended Complaint do not lead one to any such conclusion.

## II. THIS SIMPLE NEGLIGENCE CASE IS NOT ONE WHICH ARISES UNDER THE CONSTITUTION, LAWS OR TREATIES OF THE UNITED STATES

Given that this case does not have federal question jurisdiction because it does not involve a federal question that arises under the Constitution, laws or treaties of the United States, this Court should not retain jurisdiction. This is a simple negligence case. See the Amended Complaint, Count I, Negligence ¶¶ 129-138. (8/25/05).

### *Conclusion*

For all of the foregoing reasons, plaintiffs' Amended Complaint should be dismissed with prejudice.

> Respectfully submitted,
>
> ROBERT J. SPAGNOLETTI
> Attorney General for the District of Columbia
>
> GEORGE C. VALENTINE
> Deputy Attorney General
> Civil Litigation Division
>
>    /s/
> ―――――――――――――――――――
> NICOLE L. LYNCH [D.C. Bar #471953]
> Chief, General Litigation, Section II

            /s/
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Suite 6South47
Washington, D.C.  20001
(202) 724-6646
(202) 727-0431 (FAX)
urenthea.mcquinn@dc.gov

October 5, 2005