IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALICIA Y. ALFRED,** : | |
| : | |
| Plaintiff, : | Case No.: 1:05-cv-01446-PLF |
| : | |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA, et al.** : | |
| : | |
| Defendants. : | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT OF COLUMBIA'S MOTION TO DISMISS

COMES NOW Plaintiff Alicia Y. Alfred, by and through counsel, Jimmy A. Bell, Esq., and the Law Office of Jimmy A. Bell, P.C., and respectfully submits this Memorandum of Points and Authorities in Support of Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss.

### INTRODUCTION

The instant action was originally filed on July 22, 2005.  Plaintiff then amended her complaint by motion dated August 25, 2005, adding a count alleging violation of 42 U.S.C. § 1981 against Officer Michael Fanone.  This Court granted Plaintiff's motion on September 14, 2005.  Plaintiff has not yet served Defendant Fanone, nor has this Court yet issued a summons for him.[1]  In drafting its Motion to Dismiss, Defendant District of Columbia has ignored the allegations in Plaintiff's Amended Complaint.  Defendant District of Columbia has further disregarded the fact that Plaintiff's § 1981 count is not

---

[1] A motion requesting summons to be issued for Defendant Fanone is being filed contemporaneously with Plaintiff's opposition to Defendant District of Columbia's Motion to Dismiss.

pled against the District, and that Plaintiff has not yet had the opportunity to serve the Defendant against whom that count is pled. Defendant District of Columbia's Motion to Dismiss is thus untimely, and must be denied.

## ARGUMENT

### I.    STANDARD FOR DISMISSAL

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must not be granted unless it appears beyond doubt that the Plaintiff can prove no set of facts that would entitle her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001); DeBauche v. Trani, 191 F.3d 499, 505 (4th Cir. 1999). The allegations of Plaintiff's complaint are to be liberally construed in favor of the plaintiff. Id. at 44; Chapin v. Knight-Ridder, Inc., 993 F.2d 1087, 1092 (4th Cir. 1993). This Court must presume all "factual allegations in the complaint to be true and accord all reasonable inferences to the non-moving party." Brown v. Mitchell, 308 F. Supp. 2d 682, 690-691 (D. Va., 2004), quoting, Westmoreland v. Brown, 883 F. Supp. 67, 70 (E.D. Va. 1995).

To survive Defendant's motion to dismiss, Plaintiff need only provide "a short and plain statement of the claim showing that [s]he is entitled to relief." Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002), quoting Fed R. Civ. P. 8(a)(2). This Court may dismiss Plaintiff's Complaint *only* if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations pled. See, Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). Plaintiff's factual allegations must be accepted as true. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507

U.S. 163, 164 (1993). Plaintiff is entitled to all favorable inferences that can be drawn from the facts pled. Warth v. Seldon, 442 U.S. 490, 501 (1975).

## II. PLAINTIFF ALLEGES FACTS SUFFICIENT TO SUSTAIN A § 1981 CLAIM.

Defendant District of Columbia has argued prematurely for dismissal of Plaintiff's Amended Complaint, as the Defendant against whom Plaintiff pleads her federal question has not yet been served. Specifically, Count II of Plaintiff's Amended Complaint alleges violations of 42 U.S.C. § 1981 by Defendant Fanone for his failure to provide Plaintiff, an African-American female, equal benefit of "all laws and proceedings for the security of persons and property as is enjoyed by white persons." Defendant District of Columbia argues that "upon even a cursory glance," Plaintiff has pled a count that has no bearing on the facts of the Amended Complaint. Defendant's counsel should, perhaps, have given more than a cursory glance at Plaintiff's Amended Complaint, as there are, indeed, facts pled that support Plaintiff's § 1981 charge. Plaintiff is African-American. Plaintiff did not enjoy the equal benefit of the laws and proceedings of the District of Columbia for the security of her person and property, and alleges that Defendant Fanone failed to provide equal benefit based upon racial animosity. This pleading is sufficient under the statute. See, 42 U.S.C. § 1981 (2005), see also, Mahone v. Waddle, 564 F.2d 1018 (3d Cir. 1977), cert. den. 438 U.S. 904 (1978) (disparate treatment of African-Americans by police motivated by racial bias is cognizable under § 1981's "equal benefit" clause). It is unknown at this phase of the litigation whether Defendant Fanone has a history of failures to provide equal benefit of the laws and proceedings of the District of Columbia, or whether this is an isolated incident of racial discrimination, or, indeed, whether Defendant District of Columbia is correct and there is

no § 1981 claim that will lie upon these facts. But dismissing the case at this phase of the litigation is premature because Plaintiff has alleged facts sufficient to sustain her claim past a Rule 12(b) challenge. Defendant has alleged no facts in its answer nor made any showing to the contrary.

Defendant District of Columbia is not in any position to know Officer Fanone's motivation. Only Officer Fanone, when served and deposed, can testify as to his state of mind in denying Plaintiff the equal benefit of the laws and proceedings of the District of Columbia. Defendant District of Columbia's motion to dismiss is therefore premature.

Defendant District of Columbia seems to suggest that a heightened pleading standard should be applied to Plaintiff, for reasons that remain unclear to Plaintiff's counsel. Whatever such reason may be, the Supreme Court has made clear that a heightened pleading standard requiring Plaintiff, in a discrimination case, to plead *prima facie* discrimination is inapplicable at the pleading phase. See, Swierkiewicz, 534 U.S. at 512. The Court explained "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case because the McDonnell Douglas framework does not apply in every . . . discrimination case." Swierkiewicz, 534 U.S. at 511. The Court also explained "[t]he prima facie case under McDonnell Douglas is an evidentiary standard, not a pleading requirement" and "[t]his Court has never indicated that the requirements for establishing a prima facie case under McDonnell Douglas also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." Id.

Plaintiff has, indeed, provided "a short and plain statement of the claim showing that [s]he is entitled to relief." Granting Defendant's motion for summary judgment at

4

this stage in litigation would allow Defendant, in practical terms, to circumvent the mandates espoused by a unanimous Supreme Court.  Justice Thomas, writing for the Court, explained "[t]his simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and dispose of unmeritorious claims."  Swierkiewicz, 534 U.S. at 512.

       The Court's rationale envisions a timeline, with a Plaintiff's requirement to meet notice pleading standards in the early stages, discovery in the middle stages up to and including depositions of plaintiffs and any motions for summary judgment once unmeritorious claims are evinced through fruitful discovery.  Justice Thomas wrote: "[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.  Given that the prima facie case operates as a flexible evidentiary standard, it should not be transposed into a rigid pleading standard for discrimination cases."  Id.

       Plaintiff has pled a Complaint sufficient to meet the standards set forth in Federal Rule of Civil Procedure 8(a)(2).  Swierkiewicz makes clear that summary judgment is appropriate after a Plaintiff who has had sufficient opportunity for discovery has no evidence to support an essential element of her case.  At this early stage in the instant action, Plaintiff has not yet had the opportunity to conduct the depositions of witnesses who will be able to corroborate and substantiate Plaintiff's claims of Defendant's discriminatory conduct.  However, as the Supreme Court has made clear in Swierkiewicz, Plaintiff must be given sufficient opportunity to develop the evidence and facts of her case through discovery before summary judgment is appropriate.  As this action has not

yet moved beyond the notice pleading phase, Defendant's motion for summary judgment is premature and must be denied.

> **III.    THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER THE STATE LAW CLAIMS AGAINST DEFENDANT DISTRICT OF COLUMBIA AS THEY ARISE OUT OF THE SAME COMMON NUCLEAS OF OPERATIVE FACTS WHICH GIVE RISE TO COUNT II, VIOLATION OF 42 U.S.C. § 1981, OF PLAINTIFF'S AMENDED COMPLAINT.**

28 U.S.C. § 1367(a) provides for supplemental jurisdiction in any civil action, such as the instant case, where the district court has original jurisdiction. In Plaintiff's case, this Court has federal question jurisdiction based on 42 U.S.C. § 1981. According to 28 U.S.C. § 1367(a), supplemental jurisdiction exists "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Count II of Plaintiff's Amended Complaint is entirely based upon Defendant Fanone's racially-biased denial of Plaintiff's enjoyment of equal benefit of laws and proceedings. The Supreme Court, in United Mine Workers v. Gibbs, 383 U.S. 715 (1966), determined that once a district court had valid jurisdiction over a federal claim, it could, in its discretion, exercise supplemental jurisdiction over accompanying state claims if they arose out of "a common nucleus of operative fact" which would ordinarily be expected to be tried in one judicial proceeding. Id. at 725; see also, Shekoyan v. Sibley Int'l, 409 F.3d 414, 418-19 (D.C. Cir. 2005) (stating D.C. District Court's discretion to hear pendant state law claims in conjunction with federal claims where both state and federal claims arise out of a common nucleus of operative fact).

Defendant District of Columbia has not addressed the fact that, in regards to Plaintiff's § 1981 count, the federal and state law claims are completely dependent on the

facts alleged in the respective Counts. See generally, Plaintiff's Amended Complaint. Each count is predicated upon Defendant Fanone's racially-biased denial of Plaintiff's enjoyment of equal benefit of laws and proceedings. Supplemental jurisdiction need not be limited to restatements of the same basic ground for recovery, but "may be separate claims, or they may merely be different 'counts' or 'grounds' or 'theories' in support of what is essentially a single claim." White v. County of Newberry, 985 F.2d 168, 172 (4th Cir. 1993) (quoting 28 U.S.C. § 1367 Practice Commentary). The only requirement is that the claims revolve around a central fact pattern. Id. In the instant case, Counts I & II of Plaintiff's Amended Complaint revolve around Defendant Fanone's racially-biased denial of Plaintiff's enjoyment of equal benefit of laws and proceedings.

Furthermore, although this Court could decline to exercise supplemental jurisdiction in accordance with 28 U.S.C. § 1367(c), Defendant has fails to address the merits of Plaintiff's § 1981 count presumably because it would defeat Defendant District of Columbia's entire argument for lack of subject matter jurisdiction. A district court, acting in accordance with 28 U.S.C. § 1367, could decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c) (2005). However, in the instant case, none of these exceptions apply. Because Plaintiff's state law claim against the District of Columbia arises out of the same operative facts as Plaintiff's § 1981 claim, each Defendant would have to offer the same or substantially similar evidence and

7

witnesses to defend against Plaintiff's federal and state claims. Thus Defendant District of Columbia's argument, which completely failed to address Plaintiff's Amended Complaint, could not be read to preclude this Court from exercising supplemental jurisdiction over the state law claim in Plaintiff's Amended Complaint.

Therefore, this Court should deny Defendant District of Columbia's Motion to Dismiss because this Court has supplemental jurisdiction over Plaintiff's state law claim and Defendant District of Columbia has completely failed to address the claims alleged in Plaintiff's Amended Complaint.

### IV.    PLAINTIFF HAS BEEN DILIGENT THUS FAR IN THE PROCEEDINGS AND SHALL CONTINUE TO BE SO.

Plaintiff effected timely service upon Defendant District of Columbia. Plaintiff today files with this Court a motion for a summons to be issued for Defendant Fanone. Plaintiff will likewise effect timely service upon Defendant Fanone once such summons is issued. Plaintiff anticipates pursuing her § 1981 and state law claims against both Defendants in the diligent manner she has thus far exemplified.

### CONCLUSION

For the foregoing reasons, this Court must deny Defendant District of Columbia's Motion to Dismiss.

Respectfully Submitted,

_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301)599-7620
(301)599-7623 (FAX)

8

                                                                    Bar No. MD 14639
                                                                    Counsel for Plaintiff

Case 1:05-cv-01446-PLF   Document 11-2   Filed 10/18/2005   Page 9 of 10

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and complete copy of Plaintiff's Opposition to Defendant Remy's Motion to Dismiss was delivered this 18th day of October, 2005, via facsimile and first class mail, postage pre-paid, to:

> Urenthea McQuinn
> Assistant Attorney General
> 441 4th Street, N.W., Suite 6 South 47
> Washington, D.C.   20001
>
> Fax: (202) 727-0431

                                                    _____
                                                    Jimmy A. Bell, Esq.