IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED,<br>                Plaintiff,<br><br>     v.<br><br>DISTRICT OF COLUMBIA ,<br>                Defendant. | Civil Action No. 1:05cv01446 (PLF) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to F.R.Civ.P. 6(b) and 12(b)(1), defendant District of Columbia has moved to dismiss plaintiff's Amended Complaint because the Court lacks jurisdiction over the subject matter. Plaintiff brought this action, pursuant to 28 U.S.C. § 1331, diversity jurisdiction. However, the District of Columbia does not qualify for diversity jurisdiction because it is not considered a citizen. In addition, there is no federal question involved herein; this is a simple negligence case.

On the morning of April 25, 2005, plaintiff, Alicia Y. Alfred, a Maryland citizen, discovered that her car had been stolen. She reported this to the Prince Georges County Police. Because her car was equipped with the LoJack system, the District of Columbia Metropolitan Police Department ("MPD") notified her of the recovery of her car. Plaintiff contends further that Officer Fanone of the MPD assured her that he would remove the status of stolen from her vehicle in the LoJack system, but that he failed to do so.

At approximately midnight of April 26, 2005, an MPD officer allegedly told plaintiff that her car was cleared in the National Crime Information Center ("NCIC"), but not in the LoJack system. On the following morning, April 26, 2005, at approximately 11:15 a.m., the Arlington County Police handcuffed and detained plaintiff in front of her office building in view of her supervisor and coworkers until the officers could ascertain whether or not plaintiff had stolen the car.

On July 22, 2005, plaintiff sued the District of Columbia, pursuant to 28 U.S.C. § 1332, for negligence with regard to these incidents. On August 9, 2005, defendant filed a Motion to Dismiss this case for lack of subject matter jurisdiction because there was no diversity of citizenship and there was no federal question involved.

On August 25, 2005, plaintiff filed an Amended Complaint in which she maintained that she brought this case before the Court. According to plaintiff, jurisdiction is proper because this action arises under 42 U.S.C. §1981. Defendant District of Columbia then moved to dismiss the Amended Complaint because 42 U.S.C. §1981 is inapplicable to this case. Plaintiff filed an Opposition and defendant now files this Reply.

*Argument*

I. **PLAINTIFF HAS NOT DEMONSTRATED IN HER OPPOSITION THAT FEDERAL QUESTION JURISDICTION EXISTS HEREIN PURSUANT TO TITLE 42 U.S.C. § 1981**

Plaintiff's Opposition fails to provide legal support for her position in Count II of the Amended Complaint, ¶¶ 139 through 141 (8/25/05), that 42 U.S.C. § 1981 is applicable herein. While § 1981 is indeed a federal statutory provision, it has no bearing on this case. It provides as follows:

> § 1981. Equal rights under the law
>
> (a) Statement of equal rights. All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.
>
> (b) "Make and enforce contracts" defined. For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.
>
> (c) Protection against impairment. The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.
>
> History:
>  (R.S. § 1977; Nov. 21, 1991, P.L. 102-166, Title I, § 101, 105 Stat. 1071.).[1]

Thus, § 1981 secures equal contracting rights without regard to race:

> The vast majority of § 1981 claims, including those arising from employment, assert violations of the "same right … to make and enforce contracts" clause. A few however, are brought under the "equal benefit" clause, which provides a claim where a plaintiff can demonstrate that a defendant, motivated by racial animosity, has deprived or attempted to deprive him of "the full and equal benefit" of a law or proceedings "for the security of persons and property."

LEWIS & NORMAN, CIVIL RIGHTS LAW AND PRACTICE, 19 (West 2d ed., 2001).

The alleged failure to remove the listing of plaintiff's car as stolen from the LoJack

---

[1] Unlike 42 U.S.C. § 1983, which is based upon the Fourteenth Amendment, 42 U.S.C. § 1981 is based upon the Thirteenth Amendment and, like 42 U.S.C. § 1982, was originally enacted in the Civil Rights Act of 1866. *Lewis v. Bethlehem Steel Corp.*, 440 F. Supp. 949 (DC Md. 1977).

system does not imply racial discrimination against her contractual rights. Plaintiff cites no nexus that would lead one to believe that such an occurrence was racially motivated or that there existed a contract between plaintiff and Officer Fanone.

On page 3 of her Opposition, plaintiff cites *Mahone v. Waddle*, 564 F.2d 1018 (3d Cir. 1977) as being analogous to this case such that §1981 should be held applicable herein. That is not supportable either factually or legally. The *Mahone* case has no resemblance to this case. The facts of *Mahaone* were that appellant citizens alleged that, because they were black, they were stopped, without probable cause, while driving motor vehicles, harassed, physically abused, arrested, and falsely charged with motor vehicle violations by appellee police officers. Appellants brought action against appellee police officers and against appellee city of Pittsburgh as respondeat superior under 42 U.S.C.S. §§ 1981, 1983, and 1985 and also alleged violations of the United States Constitution and negligence. Appellants alleged jurisdiction under 28 U.S.C.S. §§ 1331 and 1343. The district court held that appellee city of Pittsburgh had immunity under the federal claims and dismissed the actions against appellee city of Pittsburgh. The court held that the district court properly dismissed the action under 42 U.S.C.S. § 1983 because appellee city of Pittsburgh was not a "person" under the statute, but that the district court erred in finding that appellee city of Pittsburgh had immunity under 42 U.S.C.S. § 1981. The court held that appellants had stated a cause of action for which relief could be granted under 42 U.S.C.S. § 1981 and for the pendent state claims. *Id*. at 1018.

The *Mahone* case is clearly distinguishable from the case at issue in which MPD allegedly did not remove her car from the LoJack system. Therefore, the allegations against the officer's actions or inactions in this case are negligence, and not an arrest.

II.   **PLAINTIFF'S 42 U.S.C. § 1981 CLAIM FAILS BECAUSE HE CAN PRESENT NO EVIDENCE LEADING TO AN INFERENCE OF RACIAL DISCRIMINATION**

42 U.S.C. § 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981 (b). The statute was enacted in 1866, after the abolition of slavery, to pass legislation to prohibit racial discrimination and was amended in 1991 to include not just employment contracts but all contracts. *Runyon v. McCrary*, 427 U.S. 160, 170-171 (1976); *Rivers v. Roadway Express*, 511 U.S. 298, 304 (1994). Not only does plaintiff fail to allege any facts which would constitute *a prima facie* case of racial discrimination, but also plaintiff does not present even an inference of racial discrimination. Even if plaintiffs claims were taken as true that the MPD had the responsibility to remove the characterization of her car from the LoJack system as stolen, and that they failed to do so, plaintiff presents no fact that would lead one to believe that a racial animus was involved in such alleged failure.

*Conclusion*

For all of the foregoing reasons, plaintiffs' Amended Complaint should be dismissed with prejudice.

            Respectfully submitted,

            ROBERT J. SPAGNOLETTI
            Attorney General for the District of Columbia

            GEORGE C. VALENTINE
            Deputy Attorney General
            Civil Litigation Division

            _____/s/_____
            NICOLE L. LYNCH [D.C. Bar #471953]
            Chief, General Litigation, Section II

          /s/
        URENTHEA McQUINN [D.C. Bar #182253]
        Assistant Attorney General
        441 4th Street, N.W.
        Suite 6South47
        Washington, D.C.  20001
        (202) 724-6646
        (202) 727-0431 (FAX)
        urenthea.mcquinn@dc.gov

October 28, 2005