UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ALICIA Y. ALFRED, | ) |
| Plaintiff, | ) |
|  | ) Civil Action No. 05-1446 (PLF) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

This case is before the Court on defendant's motion to dismiss plaintiff's second amended complaint for failure to state a claim under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] Upon consideration of defendant's motion to dismiss, plaintiff's opposition, and defendant's reply, the Court must deny defendant's motion to dismiss.

I.   BACKGROUND

Plaintiff Alicia Y. Alfred is an African-American woman and resident of Suitland, Maryland. Plaintiff's Second Amended Complaint ("Sec. Am. Compl.") ¶ 4. According to plaintiff's second amended complaint, on the morning of April 25, 2005 she discovered that someone had stolen her car. Id. ¶ 7. Plaintiff reported her car stolen to the Prince George's County Police Department, which, in turn, reported the car stolen to her car security company, LoJack Stolen Vehicle Recovery System. Id. ¶¶ 8-9. Under LoJack's security system, when the company

---

[1]   Plaintiff, with defendant's consent, amended her complaint subsequent to defendant filing a motion to dismiss plaintiff's first amended complaint. In a February 27, 2006 notice to the Court, defendant requested that the Court treat defendant's motion to dismiss plaintiff's first amended complaint as a motion to dismiss plaintiff's second amended complaint.

receives a report of a stolen car, a transmitter in the client's car is activated. Id. ¶ 9. This transmitter emits a "stolen vehicle" signal to nearby police stations and police cars equipped to receive the signal. Id. According to plaintiff, if the vehicle is recovered, the police department is responsible for terminating the vehicle's "stolen" status. Id. ¶ 10.

On the night of April 25, 2005, a District of Columbia Metropolitan Police Department ("MPD") officer called plaintiff to tell her that her car had been located. Sec. Am. Compl. ¶ 13. When plaintiff recovered her car, she met with MPD Officer Michael Fanone, who told plaintiff that he would update the car's status to reflect its recovery. Id. ¶ 17. The status of the vehicle was updated in the NCIC record system, but plaintiff alleges that it was not updated in the LoJack system. Id. ¶ 31. She learned this fact when two other MPD officers subsequently stopped her and informed her that her car continued to transmit the "stolen vehicle" signal. Id. ¶¶ 26-32. After the officers ran plaintiff's license tag number through the NCIC system and determined that plaintiff's car had been recovered, they released her. See id. ¶¶ 31, 32.

Thereafter, however, plaintiff was stopped and detained by a total of eight Arlington County Police Department officers, with guns drawn. Sec. Am. Compl. ¶¶ 40-42, 88. The officers allegedly screamed and shouted repeatedly at plaintiff, pointed their weapons at her, placed her in handcuffs, searched her car, and arrested her. Id. ¶¶ 43-70. Plaintiff's supervisors and co-workers observed many of these events, leading to her allegedly suffering "extreme embarrassment and humiliation" and "severe stress, emotional distress, and mental anguish." ¶¶ 44, 57, 61, 72-74, 84, 89-90, 123-27. Plaintiff ultimately was not arrested and was released. Id. ¶ 117.

Plaintiff originally brought a claim of negligence in this Court pursuant to 28 U.S.C. § 1332, alleging that Officer Fanone, a District of Columbia employee, breached his duty

to update the status of her vehicle. Plaintiff's Original Complaint ¶¶ 129-138. In response, defendant District of Columbia filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing that there was no federal question involved and no diversity jurisdiction under 28 U.S.C. § 1332 between the District of Columbia and the citizens of the various states. Defendant's First Motion to Dismiss at 5-7. After defendant filed its motion to dismiss, plaintiff amended her complaint to add a claim under 42 U.S.C. § 1981, alleging that Officer Fanone failed to update her car's status because she is African-American. Plaintiff's Amended Complaint ¶ 141. Plaintiff's second amended complaint contains the same allegation. Sec. Am. Compl. ¶ 141. Defendant then filed a motion to dismiss plaintiff's amended complaint (to be treated as a motion to dismiss the second amended complaint), arguing that plaintiff has failed to state a claim under 42 U.S.C. § 1981 either. It further argued that if its argument is correct, the Court cannot exercise supplemental jurisdiction over the negligence claim. Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Def.'s Mot.") at 7.

II.   DISCUSSION

*A.  Rule 12(b)(6) Motion to Dismiss*

Defendant moves to dismiss plaintiff's complaint on the ground that plaintiff fails to state a claim under 42 U.S.C. § 1981. Def.'s Mot. at 5-7; Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Amended Complaint 2 ("Def's. Reply"). First, defendant contends that the statute is inapplicable to this case because plaintiff states no facts that suggest a contract existed between plaintiff and Officer Fanone. Id. at 2-3. Second, defendant contends that plaintiff alleges no facts allowing an inference of racial animus. Def.'s Mot. at 6-7; Def.'s Reply at 5. Plaintiff counters that she has satisfied the minimal notice

pleading standard by offering a short and plain statement of her claim and that the facts alleged make out a claim under Section 1981. Plaintiff's Opposition to Defendant District of Columbia's Motion to Dismiss ("Pl.'s Opp.") at 4.

A motion to dismiss for failure to state a claim may not be granted, unless it appears beyond doubt that the plaintiff can demonstrate no set of facts that supports a claim entitling the plaintiff to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000). In evaluating the motion to dismiss, the Court must accept the plaintiff's factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. See Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997). While the Court must construe the complaint liberally, the Court need not accept the plaintiff's factual inferences if the complaint's factual allegations do not support those inferences, nor must the Court accept the plaintiff's legal conclusions. See National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

The Court disagrees with defendant's first argument that 42 U.S.C. § 1981 applies only to cases that involve contractual relationships. Section 1981 provides, in pertinent part: "All persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981. Under the equal benefits clause of the statute, a plaintiff may claim that a government official discriminated against her, even where no contractual relationship exists. See, e.g., Provisional Gov't of New Afrika v. American Broadcasting Cos., 609 F. Supp. 104, 109 (D.D.C. 1985) (citing Mahone v. Waddle, 564 F.2d 1018, 1029 (3d Cir. 1977) (holding that the plaintiff's

allegation that police officers mistreated them because they were Black fell within the language of Section 1981)). Plaintiff in this case alleges that defendant denied her the full and equal benefit of the laws because of her race. Therefore, Section 1981 is applicable to this case.

The Court also disagrees with defendant's second argument that plaintiff fails to state a claim because she does not allege facts sufficient to support an inference of racial animus. To plead a claim for which the Court may grant relief, a plaintiff need not plead detailed facts in her complaint; the complaint only has to give the defendant adequate notice of the claim and the alleged unlawful conduct on which the claim rests. See Fed. R. Civ. P. 8(a)(2); Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1115 (D.C. Cir. 2000) (holding that in a case of employment discrimination brought under 42 U.S.C. § 1981 that a complaint need only state "I was turned down for a job because of my race" to survive a motion to dismiss under Rule 12(b)(6)); Atchinson v. District of Columbia, 73 F.3d 418, 423 (D.C. Cir. 1996) (holding under 42 U.S.C. § 1983 that the plaintiff's complaint stated a claim for relief despite plaintiff's failure to allege facts in support of an allegation of "deliberate indifference").

The complaint, in relevant part, states: "140. Plaintiff, who is an African-American female, held herself out to enjoy the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens. 141. Plaintiff was denied by Defendant the full and equal benefits of all laws and proceedings for security of persons and property enjoyed by others outside of her protected class because of her race (African-American)." Pl.'s Sec. Am. Compl. ¶¶ 140-141. Plaintiff also reincorporates all of the facts alleged throughout her complaint into her Section 1981 claim. Id. ¶ 139. Other than these conclusory allegations, there is no factual assertion that MPD Officer Fanone acted with racial animus. Indeed, the allegation of negligence rather than intentional conduct pleaded by plaintiff

in Count One is inconsistent with the allegation in Count Two that Officer Fanone did or failed to do something purposely with a discriminatory motive or intent. Moreover, what is striking in plaintiff's own complaint is the contrast between the description of the apparently helpful MPD Officer Fanone and the aggressive, abrasive and unreasonable conduct of the Arlington County Police Officers. Nevertheless, plaintiff's complaint barely satisfies the minimal requirements necessary to state a Section 1981 claim by tracking the language of the statute. It therefore survives this motion to dismiss. Whether or not plaintiff can ever prove the allegations surrounding her Section 1981 claim is a matter for another day.

        B.    *Rule 12(b)(1) Motion to Dismiss*

Defendant argues that the Court cannot exercise supplemental jurisdiction over plaintiff's negligence claim because plaintiff fails to state a claim involving a federal question. Def.'s Mot. at 7. Plaintiff counters that she does state a claim under 42 U.S.C. § 1981, thus raising a federal question; supplemental jurisdiction over the common law claim therefore is appropriate. See Pl.'s Opp. at 6-8.

It is axiomatic that federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained in either the Constitution or provided in an act of Congress. Srour v. Barnes, 670 F. Supp. 18, 20 (D.D.C. 1987) (citing City of Kenosha v. Bruno, 412 U.S. 507, 511 (1973)). When reviewing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the plaintiff's favor. Gov't of Rwanda v. Rwanda Working Group, 150 F. Supp. 2d 1, 4 (D.D.C. 2001) (citation omitted).

The Court already has determined that plaintiff adequately states a claim against the defendant under 42 U.S.C. § 1981, thereby raising a federal question. Because plaintiff's state and federal claims arise out of a common nucleus of operative fact, the incidents surrounding the theft of plaintiff's car, the Court will exercise supplemental jurisdiction over plaintiff's state claim and deny defendant's motion to dismiss plaintiff's negligence claim pursuant to Rule 12(b)(1).

## II.  CONCLUSION

For the foregoing reasons, the Court denies defendant's motions to dismiss plaintiff's claims pursuant to Rules 12(b)(6) and 12(b)(1). Accordingly, it is hereby

ORDERED that defendant's motion to dismiss is DENIED without prejudice.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  April 18, 2006