IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED,<br>          Plaintiff,<br><br>          v.<br><br>DISTRICT OF COLUMBIA,<br>          Defendant. | Civil Action No. 05-1446 PLF |

## REPORT OF THE RULE 16.3 CONFERENCE

Pursuant to the rules of this Court, counsel in the above-styled matter submit this report regarding the issues discussed at their LCvR 16.3 Conference.  A proposed Scheduling Order incorporating the parties' report is attached.

**I.     STATEMENT OF THE CASE**

Plaintiff Alicia Alfred alleges a cause of action, in part, arising under 42 U.S.C. § 1981.  As this constitutes a civil action arising under the laws of the United States, federal jurisdiction is proper under 28 U.S.C. § 1331.  Venue is proper in the District of Columbia as the Defendant is the Government of the District of Columbia, Defendant conducts business within the District of Columbia, and the acts complained of occurred within the said jurisdiction.

### Plaintiff's Statement

Plaintiff Alicia Alfred ("Plaintiff") is a citizen of Maryland and Sergeant in the United States Air Force who suffered extreme humiliation, conscious pain and suffering, severe emotional distress and other damages as a direct result of the tortious conduct of Defendant, or in the alternative, as a result of the Defendant's deprivation of her right to

equal protection of the law. On or about April 25, 2005, an officer of Defendant's Metropolitan Police Department, Michael Fanone, failed to update the status of Plaintiff's stolen automobile in the Lojack system, either negligently or because of racial animus, and despite the fact that he told Plaintiff he would take care of updating the stolen car's status to recovered. As a result of Officer Fanone's racial animus and/or negligence, for which Defendant District of Columbia is vicariously liable, Plaintiff was the very next day forced to undergo a public and extraordinarily humiliating and painful ordeal outside her place of employment. Because her car was still transmitting its 'stolen' signal, Plaintiff was held by Arlington County police officers for quite some time in handcuffs, like a common criminal, as her coworkers and superior officers looked on. But for the negligence and/or racial animus of Defendant, Plaintiff would not have had to undergo this ordeal and suffer the damage she did suffer.

### Defendant's Statement

On April 25, 2005, plaintiff's brother stole her car. On previous occasions plaintiff had allowed her brother to drive the car. Officers of the District of Columbia Metropolitan Police Department recovered plaintiff's car by using a LoJack tracking device and notified plaintiff, who arrived on the scene and requested that her brother be arrested. The officers arrested her brother. Plaintiff took the car immediately and the officer who recovered the car notified teletype.

According to plaintiff, as she was getting into her car, shortly after midnight on April 26, 2005, two other District of Columbia Metropolitan Police Department officers informed her that her car still was emitting a stolen vehicle signal. On the morning of

April 26, 2005, Arlington County Police detained plaintiff outside of her workplace for being in possession of a stolen car.

## II. RULE 16.3 REPORT

1. <u>Status of Dispositive Motions</u>.

   The plaintiff does not believe that this action may be resolved by dispositive motion following discovery.

   Defendant believes that this action might be resolved by dispositive motion following discovery.

2. <u>Amended Pleadings</u>:

   Plaintiff does not at this time anticipate that it will be necessary to join third parties or amend the pleadings.

   Defendant intends to file third party complaints against the Arlington County Police Department and the LoJack Company.

3. <u>Assignment to Magistrate Judge</u>: The parties do not consent to assignment of this case to a magistrate judge for any purpose other than that of mediation.

4. <u>Settlement Possibility</u>: The parties believe that mediation before a Magistrate Judge may prove fruitful in this matter.

5. <u>Alternative Dispute Procedures</u>: The parties believe that alternative dispute resolution in the form of mediation may prove fruitful in this matter. No neutral evaluation of the claims is sought at this time.

6. <u>Dispositive Motions</u>: The parties believe that any dispositive motion should be filed within 45 days of the close of discovery, that any opposition to that motion

should be filed within 30 days of the filing of the motion, and that any reply should be filed within 21 days of the filing of the opposition.

7. <u>Initial Disclosures</u>:  The parties agree to provide initial disclosures as required by Federal Rule of Civil Procedure 26(a)(1).

8. <u>Discovery</u>.  The parties request 180 days in order to complete discovery.  The parties agree to limit the number of interrogatories to 30 per side.   The parties do not agree to limit the number of depositions.

9. <u>Experts</u>: The parties agree that the requirements of Fed. R. Civ. P. 26(a)(2) should not be modified.  Defendant agrees to name their expert thirty (30) days after Plaintiff names her expert.

10. <u>Class Action Procedures</u>: Not applicable.

11. <u>Bifurcation of Discovery or Trial</u>:  The parties do not believe that bifurcation of this matter is necessary.

12. <u>Proposed Date for the Pretrial Conference</u>: The parties agree that a pretrial conference should be scheduled at the initial scheduling conference.

13. <u>Trial Date</u>: The parties believe that a trial date should not be set at the initial scheduling conference, but at the Pretrial of this case.

Case 1:05-cv-01446-PLF    Document 22    Filed 05/11/2006    Page 5 of 6

14. <u>Other matters:</u> None at this time.

                                    Respectfully submitted,

                                    Counsel for Plaintiff:

                                    _____/s/_____
                                    Jimmy A. Bell, Esq. (Bar No. MD 14639)
                                    Law Office of Jimmy A. Bell, P.C.
                                    9610 Marlboro Pike
                                    Upper Marlboro, MD  20772
                                    (301) 599-7620
                                    (301) 599-7623 (Fax)


                                    Counsel for Defendant:

                                        ROBERT J. SPAGNOLETTI

                                    Attorney General for the District of Columbia

                                    GEORGE C. VALENTINE
                                    Deputy Attorney General
                                    Civil Litigation Division

                                    _____/s/_____
                                    NICOLE L. LYNCH [D.C. Bar #471953]
                                    Chief, General Litigation, Section II

                                    _____/s/_____
                                    URENTHEA McQUINN [D.C. Bar #182253]
                                    Assistant Attorney General
                                    441 4th Street, N.W.
                                    Suite 6South47
                                    Washington, D.C.  20001
                                    (202) 724-6646
                                    (202) 727-0431 (Fax)
                                    urenthea.mcquinn@dc.gov


May 11, 2006

5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ALICIA Y. ALFRED,**<br>　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**DISTRICT OF COLUMBIA,**<br>　　　　**Defendant.** | **Civil Action No. 05-1446 PLF** |

**INITIAL SCHEDULING ORDER**

UPON CONSIDERATION of the Report of Local Rule 16.3 Conference and the entire record herein, it this _____ day of _____, 2006 hereby

ORDERED that the parties shall be allowed a discovery period of 180 days from the date of the entry of this order, and it is further;

ORDERED that any dispositive motions shall be filed no later than 45 days after the close of discovery, any opposition thereto shall be filed no later than 30 days following the filing of the dispositive motion; and any reply shall be filed no later than 21 days following the filing of the opposition; and it is further

ORDERED that expert witness reports shall be exchanged in accordance with Fed. R. Civ. P. 26(a)(2).

ORDERED that the parties are limited to 30 interrogatories per side; depositions are to be determined by the need revealed in discovery.

**Date:** _____　　　　_____
　　　　　　　　　　　　　　　　　　**THE HONORABLE PAUL L. FRIEDMAN**
　　　　　　　　　　　　　　　　　　**United States District Court Judge**