UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action # 05-1446 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant and Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE LOJACK COMPANY et al., | ) |
| | ) |
| Third-Party Defendants. | ) |

MOTION OF THE THIRD-PARTY DEFENDANT ARLINGTON COUNTY
POLICE DEPARTMENT TO DISMISS OR TRANSFER VENUE

The Third-Party Defendant, the Arlington County Police Department ("ACPD"), by counsel, pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss the Third-Party Complaint against it, or transfer venue to the United States District Court for the Eastern District of Virginia, on the following grounds:

1. The Third-Party Complaint fails to state a claim against the ACPD upon which relief may be granted, as the Arlington Police Department is not a legal entity capable of being sued, and the Third-Party Complaint against it should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. No claim for contribution or indemnification can be made against the ACPD upon which relief may be granted, and the Third-Party Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3. In that no valid claim can be made against the ACPD, this Court lacks personal

jurisdiction over the ACPD and the Third-Party Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

4. Venue of the claim against the ACPD should be transferred to the Eastern District of Virginia.

Therefore, the Third-Party Complaint should be transferred or dismissed, with such other relief as the Court deems proper. A supporting memorandum is attached.

ARLINGTON COUNTY POLICE DEPARTMENT

By Counsel

Stephen A. MacIsaac, County Attorney
D.C. Bar # 362530


/s/ Ara L. Tramblian
_____
Ara L. Tramblian, Deputy County Attorney
D.C. Bar # 468738
Carolynn E. Kane, Assistant County Attorney
D.C. Bar # 431835
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia  22201
(703) 228-3100
Counsel for the Defendant Arlington Police Department

CERTIFICATE OF SERVICE

    I certify that a copy of the foregoing was served via electronic filing, on:

        Jimmy A. Bell, Esq.
        9610 Marlboro Pike
        Upper Marlboro, Maryland 20772

        Urenthea McQuinn, Assistant Attorney General
        441 4th Street N.W.
        6th Floor South
        Washington, D.C. 20001

and was mailed, first-class postage prepaid, to

        The LoJack Company
        C/O Corporation Services Company, Registered Agent
        1090 Vermont Avenue, N.W.
        Suite 430
        Washington, D.C. 20005

on June 23, 2006.

                                        /s/ Ara L. Tramblian
                                        _____

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action # 05-1446 (PLF) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
|     Defendant and Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THE LOJACK COMPANY et al., ) | |
| ) | |
|     Third-Party Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE
MOTION OF THE THIRD-PARTY DEFENDANT ARLINGTON COUNTY POLICE
DEPARTMENT TO DISMISS OR TRANSFER VENUE

    The Third-Party Defendant, Arlington County Police Department, by counsel, submits this memorandum in support of its Motion to Dismiss or Transfer Venue.

    This action arises from the actions and alleged inactions of the District of Columbia ("District") police in recovering and returning Plaintiff's stolen car, and the District's alleged negligent or intentional failure to update the vehicle's status from "stolen" to "recovered." The District's error was compounded when a District of Columbia police officer later followed the vehicle into Arlington County, called the Arlington Emergency Communications Center, and reported the location of the vehicle outside of Plaintiff's office and represented to the Arlington police that the vehicle was stolen.

    The Plaintiff brought a negligence action, as well as a claim under 42 U.S.C. § 1981, against the District of Columbia. In turn, the District of Columbia has filed and served a Third-Party Complaint against the Arlington County Police Department and the Lojack Company,

seeking contribution and indemnification for Plaintiff's claims.[1]  As stated below, the District's claims against the ACPD lack merit and should be dismissed.

## STATEMENT OF FACTS

The Plaintiff alleges that on April 25, 2005, she discovered that her car had been stolen the night before.  Second Amended Complaint, ¶ 7.  She reported the theft to the Prince George's County Police Department, which activated the LoJack transmitter in her vehicle.  Second Amended Complaint, ¶¶ 8, 12.

The District of Columbia Police Department ("MPD") located Plaintiff's vehicle in the District of Columbia later that day and allowed the Plaintiff to immediately recover her vehicle.  She was assured by MPD Officer Fanone that he would take all necessary steps to ensure that the Plaintiff's vehicle was no longer listed as a stolen vehicle.  Second Amended Complaint, ¶¶ 13-22.  Officer Fanone failed to update the status of Plaintiff's vehicle, it remained listed as stolen, and the LoJack transmitter continued to transmit a "stolen vehicle" signal.  Amended Complaint, ¶ 24, 26.

On April 26, 2005, Plaintiff drove her car to work in Arlington, Virginia, and was detained by Arlington police when she went to her car at lunchtime.  Second Amended Complaint, ¶¶ 34, 36, 40-41.

A review of ACPD records indicates that on April 26, 2005, an MPD Officer called the Arlington Emergency Communications Center via 911 and reported that he followed a stolen

---

[1] Fed. R. Civ. Pro. 14 would require leave of court to file the Third-Party Complaint.  A review of the Court's docket indicates that the matter appears to have been discussed at a May 12, 2006, status conference.  If leave of court was not obtained, the ACPD does not waive objection to the Third-Party Complaint on that ground as well.

vehicle (Plaintiff's Jaguar) from the District of Columbia into Arlington, Virginia, via its LoJack signal, and had kept the vehicle under surveillance for several hours. He advised that he could no longer maintain the surveillance as he had to return to the District of Columbia. Arlington police were dispatched in response to the MPD officer's report of an ongoing felony, a stolen car located in Arlington, Virginia, requiring a felony stop.

As she approached the Jaguar reported stolen by the MPD officer, the Plaintiff alleges that ACPD officers pointed their weapons at her, handcuffed her, and held her for over an hour before releasing her.[2]  Second Amended Complaint, ¶¶ 42, 57, 127.

The Plaintiff and the District of Columbia do not allege that any of the acts or events involving the ACPD took place in the District of Columbia or had any connection to the District of Columbia whatsoever. Clearly, all relevant events involving the ACPD took place in Arlington County, Virginia.

## ARGUMENT

**I. THE "ARLINGTON POLICE DEPARTMENT" IS NOT A LEGAL ENTITY CAPABLE OF BEING SUED.**

The District of Columbia has sued the "Arlington County Police Department" as the third-party defendant in this action. Courts in both the District of Columbia and Virginia have held that the Arlington County Police Department is not a legal entity capable of being sued. See Watkins v. Arlington County, 1997 U.S. App. LEXIS 18455 (D.C. Cir. 1997) (upholds dismissal

---

[2]  The Fourth Circuit has held that it is permissible during a felony traffic stop to point weapons at suspects and to handcuff them during the investigative detention. See Taft v. Vines, 83 F.3d 681 (4th Cir. en banc 1996).

ACPD records indicate that the detention lasted substantially less than one hour. Further, it was only through the actions of the Arlington police that status of Plaintiff's vehicle was updated from stolen to recovered once the Arlington police responded and discovered the District's error.

3

of action against Arlington County Police Department, as an entity not capable of being sued); Estate of Kennith Lee v. Arlington County, 2000 U.S. Dist. LEXIS 10822 (E.D. Va. 2000) (same); Williams v. Arlington Police Department, Civil Action No. 03-326-A (E.D. Va. May 9, 2003) (granting motion to dismiss as police department lacks the capacity to be sued); Azarewicz v. Drug Enforcement Agency, et al., Civil Action No. 83-652-AM (E.D. Va. October 31, 1983) (ACPD and MPD are not legal entities capable of being sued).

Accordingly, the Third-Party Complaint against the ACPD should be dismissed on this basis alone.

**II.  EVEN IF THE ACPD WAS A LEGAL ENTITY, THE DISTRICT'S CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.**

A.  <u>The District's Causes of Action for Indemnification and Contribution for Plaintiff's Negligence Count Fail to State a Claim upon which Relief may be Granted because they are Barred by the Doctrine of Sovereign Immunity.</u>

Even if the ACPD was a legal entity capable of being sued, the District of Columbia's claims for contribution and indemnification would not be valid anyway.

There can be no question that Virginia law applies to the actions of Arlington police officers in responding to a call originating in Arlington and exercising police authority in Virginia, as well as to the substantive claims for contribution and indemnification against the ACPD.  See Jaffe v. Pallotta Teamworks, 374 F.3d 1223 (D.C. Cir. 2004) (Virginia law applies to validity of pre-participation waiver of liability for D.C. resident participating in a bicycle ride in Virginia during which resident died).[3]  See also Jones v. Prince George's County, 2002 U.S.

---

[3] This is not to say that Virginia law applies to the actions of MPD police officers in the District of Columbia, as different laws may apply to different issues in a lawsuit.  Jaffe, supra, 374 F.3d at 1227.

Dist. LEXIS 27318 (D.D.C. 2002) (Virginia law regarding wrongful death actions applies when Prince George's police officer followed suspect from the District of Columbia into Virginia and fatally shot him).

Even if the ACPD were a legal entity capable of being sued, it would enjoy sovereign immunity from negligence actions. Carter v Morris, 164 F.3d 215, 221 (4th Cir. 1999) ("[i]n Virginia, as a general rule the sovereign is immune from actions at law for damages"); Mann v. Arlington County Board, 199 Va. 169, 98 S.E.2d 515 (Va. 1957) (county not liable for tortious personal injuries resulting from negligence of its officers, servants and employees); Campbell v. Board of Supervisors, 553 F. Supp. 644 (E.D. Va. 1982) (it is settled law in Virginia that a county enjoys non-waiverable complete tort immunity for intentional torts).

The District of Columbia cannot obtain contribution from the ACPD because the ACPD would be immune to such claims had the negligence claim been brought directly against it by the Plaintiff. Under Virginia law, before contribution can be permitted, a right of action by the plaintiff must exist as to the joint tortfeasor against whom contribution is sought. Virginia Electric and Power Company v. Wilson, 221 Va. 979, 981, 277 S.E.2d 149, 150 (Va. 1981); Oman v. Johns-Manville Corp., 482 F. Supp. 1060, 1068 (E.D. Va. 1980) ("contribution between joint tortfeasors is not available under Virginia law if the injured person did not have an enforceable cause of action against the party from whom contribution is sought"). In other words, the District of Columbia cannot obtain contribution from the ACPD unless the Plaintiff had a valid cause of action directly against the ACPD. Plaintiff does not have such a cause of action, due to the doctrine of sovereign immunity.[4]

---

[4] The same rule applies under District of Columbia law. See Hall v. Peele, 621 A.2d 848 (D.C Ct. App. 1993) (right of contribution cannot arise without joint liability); Murray v. U.S., 405

5

The same rule applies to claims for indemnification.  See Wilson, supra, 221 Va. at 981-82, 277 S.E.2d at 150 ("[w]hat we say here with reference to contribution is equally applicable to indemnity"); Oman, supra, 482 F. Supp. at 1068 ("[u]nder Virginia law, the right to non-contractual indemnity arises only when the party from whom liability is sought may be held liable in tort to the original plaintiff); Safeway, Inc. v. DPI Midatlantic, Inc., 270 Va. 285, 288-89, 619 S.E.2d 76, 78-79 (Va. 2005) (reciting the rule as stated in Wilson).

Sovereign immunity was held to bar such claims for contribution and indemnification in Beach v. Mid-Atlantic Coca Cola Bottling Co., 17 Va. Cir. 253 (Fairfax Cir. Ct. 1989).  In that case, a plaintiff sued certain private property owners and the Town of Herndon for failing to prune and maintain shrubbery, blocking the view of a stop sign and causing an accident.  The defendants filed cross-claims for indemnification and contribution against the Town of Herndon.  The Court held that the Town's sovereign immunity barred the Plaintiff's claim as well as the Defendants' claims for contribution and indemnification.

Therefore, the District's claims for contribution and indemnification for Plaintiff's negligence claim fail to state a claim upon which relief can be granted due to the doctrine of sovereign immunity.

B. The District's Claim for Indemnification for Plaintiff's Negligence Count Does not Set Forth a Claim Upon Which Relief may be Granted for the Additional Reason that it does not Allege, nor can it Allege, that it has entered into a Contract for Indemnification with the ACPD

Virginia law imposes an additional requirement that indemnification must necessarily

---

F.2d 1361 (D.C. Cir. 1968) (same); Yellow Cab Co. v. Dreslin, 181 F.2d 626 (D.C. Cir. 1950) (same).

6

grow out of a contractual relationship, which of course does not exist as between the ACPD and the District of Columbia.[5]  <u>Wilson</u>, <u>supra</u>, ("[t]he distinguishing feature of indemnity is that it must necessarily grow out of a contractual relationship"); <u>Safeway</u>, <u>supra</u>, (reciting the language from <u>Wilson</u> and allowing an indemnity claim to proceed only where there was an express written indemnification agreement); <u>Siegel's Super Markets, Inc. c. Montgomery</u>, 19 Va. Cir. 171 (Richmond Cir. Ct. 1990) ("[i]t is well-settled in Virginia that recovery among joint tortfeasors, absent contract, is limited to contribution).[6]

Therefore, the District's claims for indemnification for Plaintiff's negligence claim fails to state a claim upon which relief can be granted for the additional reason that the ACPD has not, and cannot, enter into an indemnification agreement with the District.

> C.  <u>The District's Causes of Action for Indemnification and Contribution for Plaintiff's §1981 Count Fail to State a Claim upon which Relief may be Granted because there is no Contribution or Indemnification for Intentional Torts.</u>

The Plaintiff has also asserted a claim against the District under 42 U.S.C. § 1981.  The ACPD does not dispute that sovereign immunity would not be a bar to a claim under 42 U.S.C. §

---

[5]  Additionally, the Third-Party Complaint for indemnification is not ripe.  Under Virginia law, indemnification may not be claimed unless and until the plaintiff recovers from the indemnitee. <u>City of Richmond v. Branch</u>, 205 Va. 424, 137 S.E. 2d 882 (1964);  <u>American National Bank v. Ames</u>, 169 Va. 711, 748, 194 S.E. 784, 797, <u>cert</u>. <u>denied</u>, 304 U.S. 577, 82 L. Ed. 1540, 58 S. Ct. 1046 (1938).

[6] Somewhat similarly, D.C. law requires that an implied obligation to indemnify must arise out of a specific duty of defined nature-separate and independent from the injury to the plaintiff-owed to the third party, and there must be evidence of a special legal relationship between the tortfeasors.  <u>National Health Laboratories v. Ahmadi</u>, 596 A.2d 555, 558 (D.C. App. 1991).  No such special relationship exists between the ACPD and the District of Columbia.  Additionally, D.C. law also provides that a claim for indemnification does not lie where the plaintiff has no direct cause of action against the third-party defendant.  <u>Sisk v. Styer</u>, 1990 U.S. Dist. LEXIS 12360 (D.D.C. 1990).

1981.  However, the District of Columbia is not permitted to recover in either contribution or indemnification for its intentional discrimination or other intentional wrongs.

§ 1981 allows recovery only for purposeful discriminatory treatment.  <u>Frazier v. Consolidated Rail Corporation</u>, 851 F.2d 1447, 1449 n. 3 (D.C. Cir 1988).  It requires proof of intentional discrimination.  <u>Robinson v. Chao</u>, 403 F. Supp.2d 24 (D.D.C. 2005).  A local government cannot be liable under 42 U.S.C. § 1981 under a theory of <u>respondeat</u> <u>superior</u>.

Contribution and indemnification are unavailable for intentional tortious acts.  Virginia Code § 8.01-34 (contribution allowed only in negligence and where no moral turpitude); <u>Hudgins v. Jones</u>, 205 Va. 495, 501, 138 S.E.2d 16, 21 (Va. Sup. Ct. 1964) (no contribution permitted for voluntary tort or act involving moral turpitude); <u>First American Corp. v. Al-Nahyan</u>, 948 F. Supp. 1107, 1118 (D.D.C. 1996) (citing <u>Hudgins</u> and Virginia Code § 8.01-34 and holding that no contribution or indemnification permitted for intentional torts); <u>Dennis v. Walker</u>, 284 F. Supp. 413 (D.D.C. 1968) (no contribution where intentional or willful wrong).

Therefore, the District's claims for contribution or indemnification for Plaintiff's §1981 claim fails to state a claim upon which relief may be granted.

>   D.  <u>The District's Claims For Contribution Must Also Fail because the District and the ACPD Cannot be Considered to be Joint Tortfeasors.</u>

While the Court does not need to reach this issue to conclude that the District's claims against the ACPD for contribution and indemnification must fail, the District's contribution claim fails for the additional reason that the District and the ACPD cannot be considered joint tortfeasors.

An essential prerequisite for entitlement to contribution is that the parties be joint tortfeasors in the sense that their negligence concurred in causing the harm to the injured party.

8

District of Columbia v. Washington Hospital Center, 722 A.2d 332, 336-37 (D.C. App. en banc 1997). To be joint tortfeasors, their actions must combine to cause a single injury. Id. If there is no mutuality of responsibility between them, or if the parties did not act in concert to produce a single injury, contribution does not lie. Id. at 722, 338-9. There is no contribution for successive and independent negligence. Id. at 339.

      The ACPD is not responsible for the District's failure to update the status of Plaintiff's vehicle from "stolen" to "recovered," (compounded by an MPD police officer requesting ACPD assistance and reporting the vehicle as stolen), nor is the District responsible for the manner in which Arlington officers carried out what was reported by the MPD as an ongoing felony requiring a felony traffic stop.

      Therefore, the District's claim for contribution fails to state a claim upon which relief can be granted on this basis as well.

### III. AS THERE IS NO BASIS FOR THE DISTRICT'S CONTRIBUTION OR INDEMNIFICATION CLAIMS, THE COURT LACKS PERSONAL JURISDICTION OVER THE ACPD.

      While the ACPD believes that its Rule 12(b)(6) motion, as described above, is dispositive, the ACPD further raises the claim of lack of personal jurisdiction so as not to waive it.

      As stated above, none of the alleged actions of the ACPD took place in the District of Columbia. This Court has previously held that it lacks personal jurisdiction over Arlington for actions that took place solely in Virginia. See Foxworth v.County of Arlington, Virginia Police Department, Civil Action # 88-2315, memorandum op. pp. 2-4 (D.D.C. February 13, 1989) (no jurisdiction under D.C. long-arm statute for actions of Arlington police solely in Virginia). See also Campbell v. Montgomery County, et al., Civil Action # 01-209 (D.D.C. March 29, 2000)

9

(granting ACPD's motion to dismiss or transfer venue and transferring case to the Eastern District of Virginia for case where Arlington police actions took place solely in Virginia).

The D.C. long-arm statute provides personal jurisdiction for injuries that occur <u>in the District of Columbia</u>. See D.C. Code § 13-423(a)(3-4). The ACPD took no actions in the District of Columbia, and caused no injuries in the District of Columbia. <u>Pollack v. Meese</u>, 737 F. Supp. 663, 665 (D.D.C. 1990) (since Defendants did not reside in and were not incorporated in the District of Columbia, and no actions by the Defendants which formed the basis for the lawsuit took place in the District of Columbia, the Court lacked personal jurisdiction over the defendants); <u>Meyer v. Reno</u>, 911 F. Supp. 11, 14 (D.D.C. 1996) (same); <u>Valdes v. Gordon</u>, 949 F. Supp. 21, 24-25 (D.D.C. 1996) (same).

The ACPD is aware of Fed. R. Civ. Pro. 4(k)(1)(B), which has been found to extend the personal jurisdiction of the Court over a party properly joined under Rule 14 who is served within 100 miles. However, Rule 14 is procedural in nature and does not in itself create a right to indemnity or contribution. Thus, a third-party action is proper <u>only</u> when a right to relief exists under applicable substantive law. <u>Hale v. AWF Trucking, Inc.</u>, 2005 U.S. Dist. LEXIS 32130 (E.D. Pa. 2005) (where third party not a joint tortfeasor, but a successive tortfeasor, not a proper third-party claim); <u>Thomas v. Harrisburg Hospital</u>, 108 F.R.D. 2 (M.D. Pa. 1985) (where tortfeasors not joint, joinder under Rule 14 improper); <u>Tesch v. U.S.</u>, 546 F. Supp 526 (E.D. Pa. 1982) (third-party claim may be asserted under Rule 14 <u>only</u> where third-party defendant has derivative liability; as third-party defendant not a joint tortfeasor, no basis for derivative liability).

As described above, the District has no viable contribution or indemnity claim against the ACPD, so the provisions of Rule 4(k)(1)(B) are not available to it. As such, the Court lacks

10

personal jurisdiction over the ACPD.

### IV. VENUE OVER THE CLAIMS AGAINST THE ACPD SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF VIRGINIA.

The ACPD believes that its Rule 12(b)(6) is dispositive; however, it also raises the issue of venue so as not to waive it.

Generally,

> statutory venue limitations have no application to Rule 14 claims even if they would require the third-party action to be heard in another district had it been brought as an independent action.  The third-party defendant is protected against an inconvenient forum … <u>by the requirement that the court have personal jurisdiction over him</u> and the court's ability to take account of venue considerations when exercising its discretion to decide whether to allow impleader <u>or to sever the third-party claim</u>.

<u>Grundle Lining Construction Corporation v. Adams County Asphalt</u>, 83 F.3d 201, 209-10 (5th Cir. 1996) (emphasis added).  The ACPD believes that personal jurisdiction is lacking, as described above.  Where personal jurisdiction is lacking, the Court may transfer the case to a district where personal jurisdiction exists.  <u>Posven, C.A. v. Liberty Mutual Insurance Co.</u>, 303 F. Supp. 2d 391, 400 (S.D.N.Y. 2004).

Whether or not venue is proper in this action, the Court lacks personal jurisdiction over the ACPD, as stated in section III, above.  This lack of personal jurisdiction over the ACPD can be cured by transfer of this case to the Eastern District of Virginia or, alternatively, severance of the claims against the ACPD and transfer of those claims to the Eastern District of Virginia. Grundle, supra; Fed. R. Civ. Pro. 21 ("[a]ny claim against a party may be severed and proceeded with separately").[7]

In order to obtain a transfer of venue, the moving party bears the burden of establishing:

---

[7] Severance or transfer, however, do not cure the substantive defects in the Third-Party Complaint.

11

1) that the action is one that "might have been brought" in the district to which the movant seeks to have it transferred; and 2) that transfer is appropriate based on the convenience of the parties, convenience of witnesses, and the interests of justice. Posven, supra, 303 F. Supp.2d at 400-401.

  This action could have been brought in the Eastern District of Virginia. The detention of the Plaintiff by the Arlington police was triggered by the actions of an MPD officer entering the Commonwealth of Virginia and erroneously calling the Arlington police and reporting an ongoing felony and the vehicle as a stolen vehicle. Under the Virginia long-arm statute, the Eastern District of Virginia would have personal jurisdiction over the District of Columbia. See Virginia Code § 8.01-328.1.A.3 (a court may exercise jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's causing tortious injury by an act or omission in the Commonwealth).

  As regards the interests of justice, the actions of the Arlington officers and the validity of the District's claims for contribution and indemnification are subject to evaluation under Virginia law. The Eastern District of Virginia would have greater familiarity with Virginia law.

  As regards the convenience of witnesses, the MPD chose to enter the Commonwealth of Virginia and report the Plaintiff's car as stolen. The Plaintiff was detained in Virginia by Arlington officers at her place of employment in Virginia, and Plaintiff's co-workers who may be witnesses are obviously employed in Arlington. The majority of witnesses to the results of the District's acts and omissions appear to be employed in Virginia.

## CONCLUSION

  The ACPD is not a legal entity capable of being sued. Even if it was, the District's claims for indemnification and contribution fail as a matter of law. The motion to dismiss the Third-Party Complaint against the ACPD should be granted.

                        ARLINGTON COUNTY POLICE DEPARTMENT

                        By Counsel

Stephen A. MacIsaac, County Attorney
D.C. Bar # 362530


      /s/ Ara L. Tramblian
_____
Ara L. Tramblian, Deputy County Attorney
D.C. Bar # 468738
Carolynn E. Kane, Assistant County Attorney
D.C. Bar # 431835
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia  22201
(703) 228-3100
Counsel for the Defendant Arlington Police Department

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via electronic filing, on:

>Jimmy A. Bell, Esq.
>9610 Marlboro Pike
>Upper Marlboro, Maryland 20772
>
>Urenthea McQuinn, Assistant Attorney General
>441 4th Street N.W.
>6th Floor South
>Washington, D.C. 20001

and was mailed, first-class postage prepaid, to

>The LoJack Company
>C/O Corporation Services Company, Registered Agent
>1090 Vermont Avenue, N.W.
>Suite 430
>Washington, D.C. 20005

on June 23, 2006.

/s/ Ara L. Tramblian
_____