IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICIA Y. ALFRED,
       Plaintiff,

       v.                             Civil Action No. 05-1446 PLF

DISTRICT OF COLUMBIA,
       Defendant &
       Third Party Plaintiff,

       v.

THE LOJACK COMPANY,
Serve: Corporation Services Company ("CSC"),
Registered Agent
1090 Vermont Avenue, N.W.
Suite 430
Washington, D.C. 20005,
       Third Party Defendant,
and

ARLINGTON COUNTY , VA
Serve: Arlington County Attorney Stephen MacIsaac
2100 Clarendon Blvd.
Suite 403
Arlington, VA 22201,
       Third Party Defendant,
and

OFFICER MARK M. DIGERONIMO, Badge # 1005
OFFICER ROBERT GIAMBRONE, Badge # 660
OFFICER B. BENNETT, Badge # 1307
OFFICER W. RODRIGUEZ, #1219
Serve: Captain Michael Dunne
Arlington County Police Internal Affairs Section
1425 N. Courthouse Road
Arlington, VA 22201,
       Third Party Defendants.

**THIRD PARTY PLAINTIFF DISTRICT OF COLUMBIA'S OPPOSITION TO THE THIRD-PARTY DEFENDANT ARLINGTON COUNTY POLICE'S MOTION TO TRANSFER VENUE**

Third Party Plaintiff District of Columbia, pursuant to Fed. R. Civ. P. 14(a), filed a Third-Party Complaint against the Arlington County Police Department and the LoJack Company for contribution and indemnification with regard to the allegations in plaintiff's Second Amended Complaint herein.  The Arlington County Police Department has moved to dismiss the Third Party Complaint alleging that the Arlington County Police Department is *non sui juris*, raising sovereign immunity arguments, and contending that the individual officers and Arlington County should have been sued as the proper parties.

**I.    The Motion to Dismiss by the Arlington County Police Department Is Now Moot As the District Has Filed an Amended Third Party Complaint.**

The third party plaintiff has amended the Third Party Complaint to withdraw the Arlington County Police Department, and to include Arlington County, VA, which is *sui juris*. Further, the third party plaintiff has included as third party defendants the named individual officers in the plaintiff's Second Amended Complaint.  Thus, because the third-party plaintiff District of Columbia seeks the relief from the Court for an award of indemnification and contribution from Arlington County, as well as the individually named officers involved in Arlington County, the third party defendant Arlington County Police Department's motion to dismiss with regard to the improper parties served now is moot.  Any arguments raised in the motion to dismiss that are not resolved by the Amended Third Party Complaint will be addressed by the District once the third party defendants file a responsive pleading.

**II.    The Court Does Have Personal Jurisdiction in This Case.**

Plaintiff claims that the Court lacks personal jurisdiction because plaintiff alleges that there are no viable claims for contribution and indemnity.  Such arguments have been rendered moot by the Amended Third Party Complaint.  Therefore, Fed. R. Civ. P. 4(k)(1)(B), in conjunction with Fed. R. Civ. P. 14, extends and permits the Court to

exercise personal jurisdiction herein.

**III.    Venue in the District of Columbia Is Proper in This Case.**

The Court must consider plaintiff's choice of venue, convenience of the parties and witnesses, and the "interests of justice." *GTE Wireless, Inc. v. Qualcomm, Inc.*, 71 F. Supp. 2d 517, 518-19 (E.D. Va. 1999). The "interests of justice" factors include circumstances such as "the pendency of a related action, the court's familiarity with the applicable law, docket conditions, access to premises that might have to be viewed, the possibility of an unfair trial, the ability to join other parties, [and] the possibility of harassment." *Id*. (internal quotations and citations omitted). *Capital One Fin. Corp. v. Drive Fin. Servs., LP*, 2006 U.S. Dist. LEXIS 37270, 12-13 (D. Va. 2006).

Here, the third party plaintiff opposes the transfer of venue because the initial incidents and recovery of the vehicle occurred in the District of Columbia; the plaintiff and the third party plaintiff have chosen the District of Columbia as the venue; and the District of Columbia is more convenient to the majority of the parties.

                      Respectfully submitted,

                      ROBERT J. SPAGNOLETTI
                      Attorney General for the District of Columbia

                      GEORGE C. VALENTINE
                      Deputy Attorney General
                      Civil Litigation Division

                          /s/
                      NICOLE L. LYNCH [D.C. Bar #471953]
                      Chief, General Litigation, Section II

                          /s/
                      URENTHEA McQUINN [D.C. Bar #182253]
                      Assistant Attorney General
                      441 4th Street, N.W.
                      Sixth Floor South
                      Washington, D.C.  20001
                      (202) 724-6646

(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

July 14, 2006