UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALICIA Y. ALFRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action # 05-1446 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE LOJACK COMPANY et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

MOTION OF THE THIRD-PARTY DEFENDANTS ARLINGTON COUNTY, VA, AND
OFFICERS DIGERONIMO, GIAMBRONE, BENNETT AND RODRIGUEZ
TO DISMISS OR TRANSFER VENUE

The Third-Party Defendants, Arlington County, VA, and Officers DiGeronimo,

Giambrone, Bennett and Rodriguez (collectively "Arlington Third-Party Defendants"), by

counsel, pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal

Rules of Civil Procedure, move the Court to dismiss the District of Columbia's Amended Third-

Party Complaint against them, or transfer venue to the United States District Court for the

Eastern District of Virginia, on the following grounds:

1. The Court lacks subject-matter jurisdiction over the Arlington Third-Party Defendants

because allegations of the Amended Third-Party Complaint are not properly brought under Fed.

R. Civ. Pro. 14 and the Amended Third-Party Complaint should be dismissed pursuant to Rule

12(b)(1) of the Federal Rules of Civil Procedure.

2. No claim for contribution or indemnification can be made against the Arlington Third-

Party Defendants upon which relief may be granted, and the Amended Third-Party Complaint

should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.  In that no valid claim can be made against the Arlington Third-Party Defendants, this Court lacks personal jurisdiction over the Arlington Third-Party Defendants and the Amended Third-Party Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

4.  No proper service has been made on the Third-Party Defendants DiGeronimo, Giambrone, Bennett and Rodriguez and the Amended Third Party Complaint should be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

5.  Venue of the claim against the Arlington Third-Party Defendants should be transferred to the Eastern District of Virginia.

In summary, the Amended Third-Party Complaint should be dismissed or transferred because:

- The District of Columbia's claims against the Arlington Third-Party Defendants are not derivative of the Plaintiff's claims against the District;

- The injury caused by the District of Columbia and that allegedly caused by the Arlington Third-Party Defendants is not indivisible and the District and the Arlington Third-Party Defendants therefore cannot be considered joint tortfeasors;

- The District's claims for contribution and indemnity for Plaintiff's negligence count is barred by the doctrine of sovereign immunity;

- The District's claims for indemnity for Plaintiff's negligence count is also improper as it does not arise out of a written contract;

- The District's claim for contribution and indemnity for Plaintiff's §1981 count is invalid as there can be no contribution or indemnity for intentional torts;

- There is no basis for the exercise of personal jurisdiction over the Arlington Third-Party Defendants as they took no action in the District of Columbia;

- There has been no proper service against the four Arlington police officers; and

- Proper venue for the claims against the Arlington Third-Party Defendants is the Eastern District of Virginia.

Therefore, the Amended Third-Party Complaint should be transferred or dismissed, with such other relief as the Court deems proper. A supporting memorandum is attached.

                                        ARLINGTON COUNTY, VA
                                        OFFICER MARK M. DIGERONIMO
                                        OFFICER ROBERT GIAMBRONE
                                        OFFICER B. BENNETT
                                        OFFICER W. RODRIGUEZ

                                        By Counsel

Stephen A. MacIsaac, County Attorney
D.C. Bar # 362530


        /s/ Ara L. Tramblian
_____
Ara L. Tramblian, Deputy County Attorney
D.C. Bar # 468738
Carolynn E. Kane, Assistant County Attorney
D.C. Bar # 431835
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia  22201
(703) 228-3100
Counsel for the Third-Party Defendants Arlington County, VA
        DiGeronimo, Giambrone, Bennett, and Rodriguez

3

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served via electronic filing, on:

Jimmy A. Bell, Esq.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772

Urenthea McQuinn, Assistant Attorney General
441 4th Street N.W.
6th Floor South
Washington, D.C. 20001

Warren D. Stephens, Esq.
DeCaro, Doran, Siciliano, Gallagher, & DeBlasis, LLP
4601 Forbes Boulevard
Suite 200, P.O. Box 40
Lanham, Maryland 20703-0040

on September 15, 2006.

/s/ Ara L. Tramblian
_____

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ALICIA Y. ALFRED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action # 05-1446 (PLF) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE LOJACK COMPANY et al., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE THIRD-PARTY DEFENDANT DEFENDANTS ARLINGTON COUNTY, VA, AND OFFICERS DIGERONIMO, GIAMBRONE, BENNETT AND RODRIGUEZ TO DISMISS OR TRANSFER VENUE

The Third-Party Defendants, Arlington County, VA, and Officers DiGeronimo, Giambrone, Bennett and Rodriguez (collectively "Arlington Third-Party Defendants"), by counsel, submit this memorandum in support of their Motion to Dismiss or Transfer Venue.

This action arises from the actions and alleged inactions of the District of Columbia ("District") police in recovering and returning Plaintiff's stolen car, and the District's alleged negligent or intentional failure to update the vehicle's status from "stolen" to "recovered." The District's error was compounded when a District of Columbia police officer later followed the vehicle into Arlington County, called the Arlington Emergency Communications Center, and reported the location of the vehicle outside of Plaintiff's office and represented to the Arlington police that the vehicle was stolen.

The Plaintiff brought a negligence action, as well as a claim under 42 U.S.C. § 1981,

against the District of Columbia.  In turn, the District of Columbia originally filed and served a

Third-Party Complaint against the "Arlington County Police Department" and the Lojack

Company, seeking contribution and indemnification for Plaintiff's claims.  Essentially conceding

that its claim against the "Arlington County Police Department" was improper in that such is not

a legal entity capable of being sued; the District of Columbia filed the identical Amended Third-

Party Complaint against Arlington County, VA and four Arlington County police officers Under

Fed. R. Civ. Pro. 14(a)  However, this modification did not address or cure the substantive flaws

in the District's claims against the Arlington Third-Party Defendants.

As stated below, the District's claims against the Arlington Third-Party Defendants lack

merit and should be dismissed.

## STATEMENT OF FACTS

The Plaintiff alleges that on April 25, 2005, she discovered that her car had been stolen

the night before.  Second Amended Complaint, ¶ 7.  She reported the theft to the Prince George's

County Police Department, which activated the LoJack transmitter in her vehicle.  Second

Amended Complaint, ¶¶ 8, 12.

The District of Columbia Police Department ("MPD") located Plaintiff's vehicle in the

District of Columbia later that day and allowed the Plaintiff to immediately recover her vehicle.

She was assured by MPD Officer Fanone that he would take all necessary steps to ensure that the

Plaintiff's vehicle was no longer listed as a stolen vehicle.  Second Amended Complaint, ¶¶ 13-

22.  Officer Fanone failed to update the status of Plaintiff's vehicle, it remained listed as stolen,

and the LoJack transmitter continued to transmit a "stolen vehicle" signal.  Amended Complaint,

¶ 24, 26.

On April 26, 2005, Plaintiff drove her car to work in Arlington, Virginia, and was

2

detained by Arlington police when she went to her car at lunchtime. Second Amended Complaint, ¶¶ 34, 36, 40-41.

A review of Arlington police records indicates that on April 26, 2005, an MPD Officer called the Arlington Emergency Communications Center via 911 and reported that he followed a stolen vehicle (Plaintiff's Jaguar) from the District of Columbia into Arlington, Virginia, via its LoJack signal, and had kept the vehicle under surveillance for several hours. He advised that he could no longer maintain the surveillance as he had to return to the District of Columbia. Arlington police were dispatched in response to the MPD officer's report of an ongoing felony, a stolen car located in Arlington, Virginia. The MPD officers report of this ongoing felony resulted in a felony stop of the Plaintiff by the Arlington police.

As the Plaintiff approached the Jaguar reported stolen by the MPD officer, the Plaintiff alleges that Arlington officers pointed their weapons at her, handcuffed her, and held her for over an hour before releasing her.[1] Second Amended Complaint, ¶¶ 42, 57, 127.

The Plaintiff and the District of Columbia do not allege that any of the acts or events involving the Arlington Third-Party Defendants took place in the District of Columbia or had any connection to the District of Columbia whatsoever. Clearly, all relevant events involving the Arlington Third-Party Defendants took place in Arlington County, Virginia.

---

[1] The Fourth Circuit has held that it is permissible during a felony traffic stop to point weapons at suspects and to handcuff them during the investigative detention. See Taft v. Vines, 83 F.3d 681 (4th Cir. en banc 1996).

Arlington police records indicate that the detention lasted substantially less than one hour. Further, it was only through the actions of the Arlington police that status of Plaintiff's vehicle was updated from stolen to recovered once the Arlington police responded and discovered the District's error.

<u>ARGUMENT</u>

**I.  THE AMENDED THIRD-PARTY COMPLAINT DOES NOT PROPERLY LIE UNDER FED. R. CIV. PRO. 14 AND THIS COURT LACKS SUBJECT-MATTER JURISDICTION.**

A.  <u>The District of Columbia's Claims against the Arlington Third-Party Defendants are Not Derivative of the Plaintiff's Claims against the District of Columbia.</u>

At the July 28, 2006, status conference, the Court noted that "Arlington did no injury to the District of Columbia."  The Court's observation succinctly summarized one of the significant legal flaws in the Amended Third-Party Complaint.  This defect, which goes to the subject-matter jurisdiction of the Court, as described below, prevents the District of Columbia from maintaining a third-party action against Arlington or its officers under Fed. R. Civ. Pro. 14.

Fed. R. Civ. Pro. 14(a) provides for service of a third-party complaint "upon a person not a party to the action who is or may be liable to [the original defendant] for all or part of the plaintiff's claim."  Thus, a third-party claim may be asserted only when the third-party's liability is <u>in some way dependent</u> on the outcome of the main claim and the third party's liability is secondary or derivative.[2]  <u>U.S. v. One 1977 Mercedes Benz</u>, 708 F. 2d 444, 452 (9th Cir. 1983) (in federal forfeiture action, defendant/car owner may not bring third-party claims against local and federal law enforcement officials regarding the transfer of the car from local to federal custody, as claim, though related to original forfeiture action, is not derivative).  A third-party complaint is appropriate <u>only</u> in cases where the proposed third-party defendant would be secondarily liable to the original defendant in the event the latter is held to be liable to the

---

[2] It cannot be said that whether the Arlington police properly executed a felony traffic stop is dependent on whether the District of Columbia was negligent or discriminated against the Plaintiff in failing to correct the status of her vehicle to indicate it was no longer stolen.

4

plaintiff.  If a third-party complaint is not properly brought, the court has no subject matter jurisdiction.  Morris v. Lenihan, 192 F.R.D. 484, 487 (E.D. Pa. 2000).

Rule 14(a) is not a device for bringing into an action any controversy which may happen to have some relationship with it, Arrington v. National Broadcasting Company, 531 F. Supp. 498, 505 (D.D.C. 1982), or for combining common or related factual controversies.  Huge v. Nutmeg Coal, Inc., 1978 U.S. Dist. LEXIS 19264 (D. Ala. 1978).  It is not sufficient that the third-party claim is a related claim; the claim must be derivatively based on the original plaintiff's claim.  U.S. v. One 1977 Mercedes Benz, supra.  The District's claims against the Arlington Third-Party Defendants are not derivative of the Plaintiff's claims against the District, as described in section I.B., below.

A third-party defendant may not be impleaded merely because he may be liable to the plaintiff.  Watergate Landmark Condominium Unit Owners Association v. Wiss, Janney Elstner Associates, 117 F.R.D. 576, 578 (E.D. Va. 1987) (impleader not permitted where plaintiff's injury not indivisible; acts involved in the main claim are separate and distinct from the acts alleged to have given rise to the third-party claim); Lopez v. U.S., 162 F.R.D. 256, 258 (D. P.R. 1995) ("the fundamental principle of third-party practice is that in order to maintain a third-party complaint, a direct line of liability must be alleged to exist between the third-party plaintiff and third-party defendant independent of that between the first party plaintiff and defendant.")  The alleged injury in this case is not indivisible, as described below.

A theory that another party is the correct defendant is not appropriate for a third party complaint; even if third-party defendant's total responsibility for plaintiff's injuries is a defense, it is not grounds for a third party complaint.  Toberman v. Copas, 800 F. Supp. 1239, 1242 (M.D. Pa. 1992); Lopez, supra, 162 F.R.D. at 260 (argument that third-party defendant is solely

responsible is an affirmative defense, not a basis for a third-party complaint). In fact, the District of Columbia has asserted this <u>exact</u> defense in its Answer to the Second Amended Complaint, in its Sixth Defense.

    B. <u>The District of Columbia and the Arlington Third-Party Defendants are not Joint Tortfeasors.</u>

    While the Amended Third-Party Complaint is couched in terms of contribution and indemnity, the Court is not bound by the District of Columbia's "talismanic characterizations" of its claims. <u>Kohl's Department Stores, Inc. v. Target Stores, Inc.</u>, 214 F.R.D. 406, 413 (E.D. Va. 2003). The Virginia contribution statute, Virginia Code § 8.01-34, allows for contribution only where the plaintiff's injury is "indivisible." <u>Kohl's Department Stores, Inc. v. Target Stores, Inc.</u>, <u>supra</u>, 214 F.R.D. at 414, <u>citing</u> <u>Virginia Electric and Power Co. v. Wilson</u>, 221 Va. 979, 277 S.E.2d 149 (Va. 1981). In this case, the Arlington Third-Party Defendants cannot be deemed to be joint tortfeasors with the District of Columbia.

    In order to be joint tortfeasors, they must have committed a joint tort. Where the acts of the original wrongdoer and the alleged joint tortfeasor are severable as to time, neither having the opportunity to guard against the other's acts, and each breaching a different duty owed to the injured plaintiff, the persons are not joint tortfeasors. <u>District of Columbia v. Washington Hospital Center</u>, 722 A.2d 332, 336-39 (D.C. App. <u>en</u> <u>banc</u> 1997) (to be joint tortfeasors, actions must combine to cause a single injury. If there is no mutuality of responsibility between them, or if the parties did not act in concert to produce a single injury, contribution does not lie. There is no contribution for successive and independent negligence.) <u>Klotz v. Superior Electric Products Corp.</u>, 498 F. Supp. 1099, 1100-01 (E.D. Pa. 1980) (as third-party defendant not a joint tortfeasor with original defendant, impleader under Rule 14 improper and is dismissed for lack of subject

matter jurisdiction; Rule 14 "is available only against persons who are or may be liable to

defendant for part or all of plaintiff's claim; it cannot be used as a way of combining all

controversies having a common relationship in one action."); Morris v. Lenihan, 192 F.R.D. 484

(E.D. Pa. 2000) (in a lawsuit against local police for providing inadequate medical care for the

victim of a beating who ended up with brain damage and paralysis, the police cannot pursue a

third-party complaint against those who assaulted the victim, as the causes of action and alleged

duties are not remotely identical);

    The Arlington Third-Party Defendants and the District of Columbia:

1)  did not act in concert or in unison, as their actions took place at different times and in

    different places;

2)  took actions which were severable as to time, the failure of the District to correct the

    status of plaintiff's vehicle from stolen to recovered occurring on one day and the

    actions of the Arlington police in effecting a felony traffic stop on the following day;

3)  did not have the opportunity to guard against the other's acts, as Arlington had no

    control or involvement in the District's failure to correct the status of plaintiff's

    vehicle, and the District was not present at the traffic stop of the plaintiff and had no

    control over the actions of the Arlington police; and

4)  owed different duties to the plaintiff-the District to correct the status of plaintiff's

    vehicle, and the Arlington officers to use permissible means to effectuate a felony

    traffic stop.

The District of Columbia and the Arlington Third-Party Defendants are not joint

tortfeasors and Rule 14 does not apply. Accordingly, this Court lacks subject matter jurisdiction

over the Amended Third-Party Complaint.

**II.  EVEN IF THE DISTRICT OF COLUMBIA COULD PROPERLY BRING A THIRD-PARTY COMPLAINT AGAINST THE ARLINGTON THIRD-PARTY DEFENDANTS UNDER FED. R. CIV. PRO. 14, THE DISTRICT'S CLAIMS FOR CONTRIBUTION AND INDEMNIFICATION FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AND SHOULD BE DISMISSED.**

A.  The District's Causes of  Action for Indemnification and Contribution for Plaintiff's Negligence Count Fail to State a Claim upon which Relief may be Granted because they are Barred by the Doctrine of Sovereign Immunity.

There can be no question that Virginia law applies to the actions of Arlington police officers in responding to a call originating in Arlington and exercising police authority in Virginia, as well as to the substantive claims for contribution and indemnification against the Arlington Third-Party Defendants.  See Jaffe v. Pallotta Teamworks, 374 F.3d 1223 (D.C. Cir. 2004) (Virginia law applies to validity of pre-participation waiver of liability for D.C. resident participating in a bicycle ride in Virginia during which resident died).[3]  See also Jones v. Prince George's County, 2002 U.S. Dist. LEXIS 27318 (D.D.C. 2002) (Virginia law regarding wrongful death actions applies when Prince George's police officer followed suspect from the District of Columbia into Virginia and fatally shot him).

Arlington County enjoys sovereign immunity from negligence actions.  Carter v Morris, 164 F.3d 215, 221 (4th Cir. 1999) ("[i]n Virginia, as a general rule the sovereign is immune from actions at law for damages"); Mann v. Arlington County Board, 199 Va. 169, 98 S.E.2d 515 (Va. 1957) (county not liable for tortious personal injuries resulting from negligence of its officers, servants and employees);  Campbell v. Board of Supervisors, 553 F. Supp. 644 (E.D. Va. 1982)

---

[3] This is not to say that Virginia law applies to the actions of MPD police officers in the District of Columbia, as different laws may apply to different issues in a lawsuit.  Jaffe, supra, 374 F.3d at 1227.

(it is settled law in Virginia that a county enjoys non-waiverable complete tort immunity for intentional torts).

Additionally, the Third-Party Defendant Arlington police officers similarly enjoy sovereign immunity from simple negligence actions involving the use of judgment or discretion, such as that at issue here, namely, the choosing the means and methods to execute a felony traffic stop. Colby v. Boyden, 241 Va. 125, 128-30, 400 S.E.2d 184, 186-87 (1991) (police officer involved in accident during traffic pursuit entitled to sovereign immunity, as officer must exercise discretion in deciding to undertake pursuit and how to effectuate the governmental purpose of enforcing traffic laws); Nationwide Mutual Insurance Company v. Hilton, 260 Va. 56, 63-64, 530 S.E.2d 421, 424 (2000) (decision of officer to undertake traffic stop, which resulted in an accident, entitled to sovereign immunity); Johnson v. City of Richmond, 2005 U.S. Dist. LEXIS 38790 (E.D. Va. 2005) (officers who shot and killed suspect during arrest entitled to sovereign immunity); Drake v. Higgins, 1999 U.S. Dist. LEXIS 10258 (W.D. Va. 1999) (officers entitled to sovereign immunity for their decision to detain suspect and use force in doing so).

The District of Columbia cannot obtain contribution from the Arlington Third-Party Defendants because they would be immune to such claims had the negligence claim been brought directly against them by the Plaintiff. Under Virginia law, before contribution can be permitted, a right of action by the plaintiff must exist as to the joint tortfeasor against whom contribution is sought. Virginia Electric and Power Company v. Wilson, 221 Va. 979, 981, 277 S.E.2d 149, 150 (Va. 1981); Oman v. Johns-Manville Corp., 482 F. Supp. 1060, 1068 (E.D. Va. 1980) ("contribution between joint tortfeasors is not available under Virginia law if the injured person did not have an enforceable cause of action against the party from whom contribution is sought"). In other words, the District of Columbia cannot obtain contribution from the Arlington

9

Third-Party Defendants unless the Plaintiff had a valid cause of action directly against the Arlington Third-Party Defendants.  Plaintiff does not have such a cause of action, due to the doctrine of sovereign immunity. [4]

The same rule applies to claims for indemnification.  See Wilson, supra, 221 Va. at 981-82, 277 S.E.2d at 150 ("[w]hat we say here with reference to contribution is equally applicable to indemnity"); Oman, supra, 482 F. Supp. at 1068 ("[u]nder Virginia law, the right to non-contractual indemnity arises only when the party from whom liability is sought may be held liable in tort to the original plaintiff); Safeway, Inc. v. DPI Midatlantic, Inc., 270 Va. 285, 288-89, 619 S.E.2d 76, 78-79 (Va. 2005) (reciting the rule as stated in Wilson).

Sovereign immunity was held to bar such claims for contribution and indemnification in Beach v. Mid-Atlantic Coca Cola Bottling Co., 17 Va. Cir. 253 (Fairfax Cir. Ct. 1989).  In that case, a plaintiff sued certain private property owners and the Town of Herndon for failing to prune and maintain shrubbery, blocking the view of a stop sign and causing an accident.  The defendants filed cross-claims for indemnification and contribution against the Town of Herndon. The Court held that the Town's sovereign immunity barred the Plaintiff's claim as well as the Defendants' claims for contribution and indemnification.

Therefore, the District's claims for contribution and indemnification for Plaintiff's negligence claim fail to state a claim upon which relief can be granted due to the doctrine of sovereign immunity.

---

[4] The same rule applies under District of Columbia law.  See Hall v. Peele, 621 A.2d 848 (D.C Ct. App. 1993) (right of contribution cannot arise without joint liability); Murray v. U.S., 405 F.2d 1361 (D.C. Cir. 1968) (same); Yellow Cab Co. v. Dreslin, 181 F.2d 626 (D.C. Cir. 1950) (same).

B. <u>The District's Claim for Indemnification for Plaintiff's Negligence Count Does not Set Forth a Claim Upon Which Relief may be Granted for the Additional Reason that it does not Allege, nor can it Allege, that it has entered into a Contract for Indemnification with the Arlington Third-Party Defendants</u>

Virginia law imposes an additional requirement that indemnification must necessarily grow out of a contractual relationship, which of course does not exist as between any of the Arlington Third-Party Defendants and the District of Columbia.[5]  <u>Wilson</u>, <u>supra</u>, ("[t]he distinguishing feature of indemnity is that it must necessarily grow out of a contractual relationship"); <u>Safeway</u>, <u>supra</u>, (reciting the language from <u>Wilson</u> and allowing an indemnity claim to proceed only where there was an express written indemnification agreement); <u>Siegel's Super Markets, Inc. c. Montgomery</u>, 19 Va. Cir. 171 (Richmond Cir. Ct. 1990) ("[i]t is well-settled in Virginia that recovery among joint tortfeasors, absent contract, is limited to contribution).[6]

Therefore, the District's claims for indemnification for Plaintiff's negligence claim fails to state a claim upon which relief can be granted for the additional reason that the Arlington

---

[5]  Additionally, the Third-Party Complaint for indemnification is not ripe.  Under Virginia law, indemnification may not be claimed unless and until the plaintiff recovers from the indemnitee. <u>City of Richmond v. Branch</u>, 205 Va. 424, 137 S.E. 2d 882 (1964);  <u>American National Bank v. Ames</u>, 169 Va. 711, 748, 194 S.E. 784, 797, <u>cert. denied</u>, 304 U.S. 577, 82 L. Ed. 1540, 58 S. Ct. 1046 (1938).

[6] Somewhat similarly, D.C. law requires that an implied obligation to indemnify must arise out of a specific duty of defined nature--separate and independent from the injury to the plaintiff--owed to the third party, and there must be evidence of a special legal relationship between the tortfeasors.  <u>National Health Laboratories v. Ahmadi</u>, 596 A.2d 555, 558 (D.C. App. 1991).  No such special relationship exists between the Arlington Third-Party Defendants and the District of Columbia.  Additionally, D.C. law also provides that a claim for indemnification does not lie where the plaintiff has no direct cause of action against the third-party defendant.  <u>Sisk v. Styer</u>, 1990 U.S. Dist. LEXIS 12360 (D.D.C. 1990).

11

Third-Party Defendants have not entered into an indemnification agreement with the District.

> C.  The District's Causes of Action for Indemnification and Contribution for Plaintiff's §1981 Count Fail to State a Claim upon which Relief may be Granted because there is no Contribution or Indemnification for Intentional Torts.

The Plaintiff has also asserted a claim against the District under 42 U.S.C. § 1981.  The Arlington Third-Party Defendants do not dispute that sovereign immunity would not be a bar to a claim under 42 U.S.C. § 1981.  However, the District of Columbia is not permitted to recover in either contribution or indemnification for its intentional discrimination or other intentional wrongs.

§ 1981 allows recovery only for purposeful discriminatory treatment.  Frazier v. Consolidated Rail Corporation, 851 F.2d 1447, 1449 n. 3 (D.C. Cir 1988).  It requires proof of intentional discrimination.  Robinson v. Chao, 403 F. Supp.2d 24 (D.D.C. 2005).  A local government cannot be liable under 42 U.S.C. § 1981 under a theory of respondeat superior.

Contribution and indemnification are unavailable for intentional tortious acts.  Virginia Code § 8.01-34 (contribution allowed only in negligence and where there is no moral turpitude); Hudgins v. Jones, 205 Va. 495, 501, 138 S.E.2d 16, 21 (Va. Sup. Ct. 1964) (no contribution permitted for voluntary tort or act involving moral turpitude); First American Corp. v. Al-Nahyan, 948 F. Supp. 1107, 1118 (D.D.C. 1996) (citing Hudgins and Virginia Code § 8.01-34 and holding that no contribution or indemnification permitted for intentional torts); Dennis v. Walker, 284 F. Supp. 413 (D.D.C. 1968) (no contribution where intentional or willful wrong).

Therefore, the District's claims for contribution or indemnification for Plaintiff's §1981 claim fails to state a claim upon which relief may be granted.

**III.  AS THERE IS NO BASIS FOR THE DISTRICT'S CONTRIBUTION OR INDEMNIFICATION CLAIMS, THE COURT LACKS PERSONAL JURISDICTION OVER THE ARLINGTON THIRD-PARTY DEFENDANTS.**

While the Arlington Third-Party Defendants believes that their Rule 12(b)(1) and(6) motion, as described above, is dispositive, the Arlington Third-Party Defendants further raise the claim of lack of personal jurisdiction so as not to waive it.

As stated above, none of the alleged actions of the Arlington Third-Party Defendants took place in the District of Columbia.  This Court has previously held that it lacks personal jurisdiction over Arlington for actions that took place solely in Virginia.  See Foxworth v.County of Arlington, Virginia Police Department, Civil Action # 88-2315, memorandum op. pp. 2-4 (D.D.C. February 13, 1989) (no jurisdiction under D.C. long-arm statute for actions of Arlington police solely in Virginia).  See also Campbell v. Montgomery County, et al., Civil Action # 01-209 (D.D.C. March 29, 2000) (granting ACPD's motion to dismiss or transfer venue and transferring case to the Eastern District of Virginia for case where Arlington police actions took place solely in Virginia).

The D.C. long-arm statute provides personal jurisdiction for injuries that occur in the District of Columbia.  See D.C. Code § 13-423(a)(3-4).  The Arlington Third-Party Defendants took no actions in the District of Columbia, and caused no injuries in the District of Columbia. Pollack v. Meese, 737 F. Supp. 663, 665 (D.D.C. 1990) (since Defendants did not reside in and were not incorporated in the District of Columbia, and no actions by the Defendants which formed the basis for the lawsuit took place in the District of Columbia, the Court lacked personal jurisdiction over the defendants); Meyer v. Reno, 911 F. Supp. 11, 14 (D.D.C. 1996) (same); Valdes v. Gordon, 949 F. Supp. 21, 24-25 (D.D.C. 1996) (same).

The Arlington Third-Party Defendants are aware of Fed. R. Civ. Pro. 4(k)(1)(B), which

has been found to extend the personal jurisdiction of the Court over a party properly joined under Rule 14 who is served within 100 miles.  However, Rule 14 is procedural in nature and does not in itself create a right to indemnity or contribution.  Thus, a third-party action is proper <u>only</u> when a right to relief exists under applicable substantive law.  <u>Hale v. AWF Trucking, Inc.</u>, 2005 U.S. Dist. LEXIS 32130 (E.D. Pa. 2005) (where third party not a joint tortfeasor, but a successive tortfeasor, not a proper third-party claim); <u>Thomas v. Harrisburg Hospital</u>, 108 F.R.D. 2 (M.D. Pa. 1985) (where tortfeasors not joint, joinder under Rule 14 improper); <u>Tesch v. U.S.</u>, 546 F. Supp 526 (E.D. Pa. 1982) (third-party claim may be asserted under Rule 14 <u>only</u> where third-party defendant has derivative liability; as third-party defendant not a joint tortfeasor, no basis for derivative liability).

As described above, the District has no viable contribution or indemnity claim against the Arlington Third-Party Defendants, so the provisions of Rule 4(k)(1)(B) are not available to it.  As such, the Court lacks personal jurisdiction over them.

## IV.  THE DISTRICT OF COLUMBIA HAS FAILED TO PROPERLY SERVE THE INDIVIDUAL ARLINGTON POLICE OFFICERS

At the July 28, 2006, status conference, the undersigned represented to the Court that the County Attorney's Office was not authorized to accept service of process on the individual Arlington police officers in this case.  After the hearing, counsel for the District was advised that she could, in addition to serving the officers personally, serve Captain Michael Dunne in the police department, as the District had done in serving the initial Third-Party Complaint on the ACPD.

On August 18, 2006, the District served a Third Party Summons for the County and Officers DiGeronimo, Giambrone, Bennett and Rodriguez on the County Attorney's Office, but

14

not on Captain Dunne or the officers personally.  This is despite the fact the Third Party

Summons indicated on its face that service for the four officers should be made on Captain

Dunne.  That day, the undersigned left a voice message for the District's counsel, advising her of

the error and making the improperly served summons available to be retrieved by the District.

Despite this notice, the District took no action to correct service of process.

 Accordingly, the Arlington Third-Party Defendants bring this motion to dismiss this

action against Third-Party Defendants DiGeronimo, Giambrone, Bennett and Rodriguez to

dismiss pursuant to Fed. R. Civ. Pro. 12(b)(5).  While this may seem like a technical nicety in

light of the fact that the officers are now aware of this lawsuit, even a liberal interpretation of

process requirements "does not mean … that the provisions of the Rule may be ignored if the

defendant receives actual notice."  Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972).  The

plain requirements of effecting service may not be ignored.  Id.

 The District of Columbia was obligated to properly serve the Arlington officers, and was

even told explicitly how to do so.  Their inexplicable failure to so requires that the motion to

dismiss pursuant to Rule 12(b)(5) be granted.

**V.  VENUE OVER THE CLAIMS AGAINST THE ARLINGTON THIRD-PARTY
DEFENDANTS SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF
VIRGINIA.**

 Again, while the Arlington Third-Party Defendants believes that theirs Rule 12(b)(1) and

(6) motion is dispositive; however, it also raises the issue of venue so as not to waive it.

 Generally,

statutory venue limitations have no application to Rule 14 claims even if they would
require the third-party action to be heard in another district had it been brought as an
independent action.  The third-party defendant is protected against an inconvenient forum
… by the requirement that the court have personal jurisdiction over him and the court's
ability to take account of venue considerations when exercising its discretion to decide

whether to allow impleader <u>or to sever the third-party claim</u>.

<u>Grundle Lining Construction Corporation v. Adams County Asphalt</u>, 83 F.3d 201, 209-10 (5th

Cir. 1996) (emphasis added). The Arlington Third-Party Defendants believe that personal

jurisdiction is lacking, as described above. Where personal jurisdiction is lacking, the Court may

transfer the case to a district where personal jurisdiction exists. <u>Posven, C.A. v. Liberty Mutual</u>

<u>Insurance Co.</u>, 303 F. Supp. 2d 391, 400 (S.D.N.Y. 2004).

     Whether or not venue is proper in this action, the Court lacks personal jurisdiction over

the Arlington Third-Party Defendants, as stated in section III, above. This lack of personal

jurisdiction over the Arlington Third-Party Defendants can be cured by transfer of this case to

the Eastern District of Virginia or, alternatively, severance of the claims against the Arlington

Third-Party Defendants and transfer of those claims to the Eastern District of Virginia. Grundle,

supra; Fed. R. Civ. Pro. 21 ("[a]ny claim against a party may be severed and proceeded with

separately").[7]

     In order to obtain a transfer of venue, the moving party bears the burden of establishing:

1) that the action is one that "might have been brought" in the district to which the movant seeks

to have it transferred; and 2) that transfer is appropriate based on the convenience of the parties,

convenience of witnesses, and the interests of justice. <u>Posven</u>, <u>supra</u>, 303 F. Supp.2d at 400-401.

     This action could have been brought in the Eastern District of Virginia. The detention of

the Plaintiff by the Arlington police was triggered by the actions of an MPD officer entering the

Commonwealth of Virginia and erroneously calling the Arlington police and reporting an

ongoing felony and the vehicle as a stolen vehicle. Under the Virginia long-arm statute, the

---

[7] Severance or transfer, however, do not cure the substantive defects in the Amended Third-Party
Complaint.

Eastern District of Virginia would have personal jurisdiction over the District of Columbia.  See Virginia Code § 8.01-328.1.A.3 (a court may exercise jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's causing tortious injury by an act or omission in the Commonwealth).

As regards the interests of justice, the actions of the Arlington officers and the validity of the District's claims for contribution and indemnification are subject to evaluation under Virginia law.  The Eastern District of Virginia would have greater familiarity with Virginia law.

As regards the convenience of witnesses, the MPD chose to enter the Commonwealth of Virginia and report the Plaintiff's car as stolen.  The Plaintiff was detained in Virginia by Arlington officers at her place of employment in Virginia, and Plaintiff's co-workers who may be witnesses are obviously employed in Arlington.  The majority of witnesses to the results of the District's acts and omissions appear to be employed in Virginia.  Of course, the Arlington Third-Party Defendants make up a substantial majority of the defendants, which also supports transferring the case to the Eastern District of Virginia.

<u>CONCLUSION</u>

The District cannot properly bring its claims under Fed. R. Civ. Pro. 14.  Even if it could, the District's claims for indemnification and contribution fail as a matter of law.   The motion to dismiss the Amended Third-Party Complaint against the Arlington Third-Party Defendants should be granted.

ARLINGTON COUNTY, VA
OFFICER MARK M. DIGERONIMO
OFFICER ROBERT GIAMBRONE
OFFICER B. BENNETT
OFFICER W. RODRIGUEZ

By Counsel

17

Stephen A. MacIsaac, County Attorney
D.C. Bar # 362530


/s/ Ara L. Tramblian
_____
Ara L. Tramblian, Deputy County Attorney
D.C. Bar # 468738
Carolynn E. Kane, Assistant County Attorney
D.C. Bar # 431835
2100 Clarendon Boulevard, Suite 403
Arlington, Virginia  22201
(703) 228-3100
Counsel for the Third-Party Defendants Arlington County, VA
        DiGeronimo, Giambrone, Bennett, and Rodriguez


<u>CERTIFICATE OF SERVICE</u>

I certify that a copy of the foregoing was served via electronic filing, on:

Jimmy A. Bell, Esq.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772

Urenthea McQuinn, Assistant Attorney General
441 4th Street N.W.
6th Floor South
Washington, D.C. 20001

Warren D. Stephens, Esq.
DeCaro, Doran, Siciliano, Gallagher, & DeBlasis, LLP
4601 Forbes Boulevard
Suite 200, P.O. Box 40
Lanham, Maryland 20703-0040

on September 15, 2006.

/s/ Ara L. Tramblian

_____

18