**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

ALICIA Y. ALFRED         :
                             :
     Plaintiff        :
                             :
v.                           :
                             :
DISTRICT OF COLUMBIA   :
                             : Civil Action No.: 05-1446 (PLF)
     Defendant        :
                             :
v.                           :
                             :
THE LOJACK COMPANY, et al.  :
                             :
     Third-Party Defendants  :

**MOTION FOR SUMMARY JUDGMENT OF THIRD PARTY DEFENDANT,**
**THE LOJACK COMPANY, ON THE AMENDED THIRD PARTY COMPLAINT**
**OF THE DISTRICT OF COLUMBIA**

The Third Party Defendant, The Lojack Company, by and through its attorneys, Warren D. Stephens, and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, Moves the Court for Summary Judgment on the Amended Third Party Complaint filed against it by the Defendant/Third Party Plaintiff, the District of Columbia, and for cause therefore, states as follows:

1.  There is no dispute as to any material fact.

2.  The Defendant/Third Party Plaintiff, the District of Columbia, has no basis for its claims of indemnification and/or contribution against The LoJack Company.

3.  The Third Party Defendant, The LoJack Company, is entitled to Summary Judgment as a matter of law.

4.   The Third Party Defendant, The LoJack Company, is entitled to, and therefore requests, sanctions against the District of Columbia pursuant to Rule 11.

5.   And for the reasons as set forth in the attached Memorandum of Law in Support of this Motion for Summary Judgment.

WHEREFORE, the Third Party Defendant, The LoJack Company, requests that judgment be entered in its favor on all claims brought against it by the Defendant/Third Party Plaintiff, the District of Columbia, and for appropriate sanctions pursuant to Rule 11.

Respectfully submitted,

DeCARO, DORAN, SICILIANO, GALLAGHER, & DeBLASIS, LLP

By:"/s/ Warren D. Stephens"
Warren D. Stephens
4601 Forbes Boulevard
Suite 200, P.O. Box 40
Lanham, Maryland 20703-0040
(301) 306-4300
wstephens@decarodoran.com

**REQUEST FOR HEARING**

The Third Party Defendant, The LoJack Company, requests an hearing on all issues raised in this Motion for Summary Judgment.

By:"/s/ Warren D. Stephens"
Warren D. Stephens

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of April, 2007, I

served all counsel by E-Filing and that I also mailed, postage-

prepaid, a copy of the foregoing Motion for Summary Judgment, to:

Jimmy A. Bell, Esquire
LAW OFFICES OF JIMMY A. BELL, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
**Counsel for Plaintiff**

Urenthea McQuinn, Esq.
Office of Attorney General
441 4th Street, NW
5th Floor South
Suite 600
Washington, DC 20001
**Counsel for District of Columbia**

<u>"/s/ Warren D. Stephens"</u>
Warren D. Stephens

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
ALICIA Y. ALFRED              :
                              :
      Plaintiff               :
                              :
v.                            :
                              :
DISTRICT OF COLUMBIA          :
                              : Civil Action No.: 05-1446 (PLF)
      Defendant/Third Party   :
      Plaintiff               :
v.                            :
                              :
THE LOJACK COMPANY, et al.    :
                              :
      Third-Party Defendants  :
```

**STATEMENT OF UNDISPUTED FACTS**

1.  The Plaintiff's vehicle, a 2000 Jaguar, was reported as stolen to the Prince George's County Police Department (PGCPD) on April 25, 2005. Second Amended Complaint, ¶8.

2.  On April 25, 2005 the PGCPD entered the Plaintiff's vehicle as stolen in a computer system that alerted the National Crime Information Center and the LoJack Sector Activation Computer system, and as a result, the LoJack Vehicle Locate Unit within Plaintiff's vehicle began emitting a stolen vehicle signal. Exhibit 1, ¶5, Exhibit 2, Exhibit 3, Exhibit 4.

3.  On the night of April 25, 2005 the Plaintiff's vehicle was recovered by members of the District of Columbia's Metropolitan Police Department (MPD). Second Amended Complaint, ¶13.

4.  Although the District of Columbia alleges a "teletype" was sent to headquarters, the fact of the recovery was never

entered into the MPD computer systems to alert or advise NCIC or the LoJack SAC.  Amended Third Party Complaint, ¶5, Exhibit 1, ¶¶8,9, Exhibit 3.

   5.  On April 25, 2005 at 12:31 pm, the PGCPD entered the fact that that Plaintiff's vehicle was recovered into a computer system, NCIC and the LoJack SAC were duly notified, and the status of Plaintiff's vehicle was changed to "recovered." Exhibit 1, ¶8, Exhibit 3.

   6.  At no time during the subject dates and times did the LoJack Stolen Vehicle Recovery Network (SVRN) fail in any way. Exhibit 1, ¶11.

   7.  At all times during the subject dates and times the LoJack SVRN operated as it was designed to operate.  Exhibit 1, ¶12.

   8.  At no time during the subject dates and times was there any failure in the software or hardware or any other component utilized in the LoJack SVRN.  Exhibit 1, ¶13.

                              Respectfully submitted,

                              DeCARO, DORAN, SICILIANO,
                              GALLAGHER, & DeBLASIS, LLP

                         By:"/s/ Warren D. Stephens"
                              Warren D. Stephens
                              4601 Forbes Boulevard
                              Suite 200, P.O. Box 40
                              Lanham, Maryland 20703-0040
                              (301) 306-4300
                              wstephens@decarodoran.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
ALICIA Y. ALFRED              :
                              :
      Plaintiff               :
                              :
v.                            :
                              :
DISTRICT OF COLUMBIA          :
                              : Civil Action No.: 05-1446 (PLF)
      Defendant               :
                              :
v.                            :
                              :
THE LOJACK COMPANY, et al.    :
                              :
      Third-Party Defendants  :
```

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF
THE THIRD PARTY DEFENDANT, THE LOJACK COMPANY**

In Support of it's Motion for Summary Judgment, the Third Party Defendant, The LoJack Company, states:

**I.  BACKGROUND**

This litigation began when Plaintiff filed suit against the District of Columbia for injuries and damages arising from an alleged ordeal she experienced with the Arlington County Police (ACP). Second Amended Complaint. Plaintiff claims that her vehicle was stolen on April 25, 2005. Second Amended Complaint, ¶7. She promptly notified the Prince George's County Police Department (PGCPD). Second Amended Complaint, ¶8. Plaintiff alleges that her vehicle was equipped the LoJack Stolen Vehicle Recovery System, and that the PGCPD correctly entered the

1

information provided by her and had the vehicle's status changed to "stolen."  Second Amended Complaint, ¶9.

Later that evening, Plaintiff was advised by the Metropolitan Police Department (MPD) that her vehicle had been recovered.  Second Amended Complaint, ¶13.  She went to the recovery site and spoke with Officer Fanone of the MPD.  Second Amended Complaint, ¶¶13, 14.  Plaintiff alleges that Officer Fanone advised her that he would be responsible for entering the necessary information to return her vehicle status to "recovered."  Second Amended Complaint, ¶17.  Plaintiff alleges that Officer Fanone neglected to update the status of her vehicle.  Second Amended Complaint, ¶23.

According to Plaintiff, she went to work in Virginia the next morning, April 26, 2005.  Second Amended Complaint, ¶34.  When she was driving her car in her employer's parking lot, intending  to obtain lunch, she was stopped by the ACP because her vehicle status was still "stolen."  Second Amended Complaint, ¶¶40,71.  Plaintiff alleges she was arrested, held at gun-point, handcuffed, and interrogated.  Second Amended Complaint.  She claims this occurred to due to the actions and conduct of the District of Columbia in the person of Officer Fanone.  Second Amended Complaint.

Plaintiff filed a Two Count Amended Complaint against the District of Columbia.  Count One is for negligence in the

2

handling of the status of her vehicle when it was recovered. Count Two is for a violation of her rights under 42 U.S.C. § 1981.  Plaintiff alleges she was a victim of discrimination by the District of Columbia due to her race.

The District of Columbia thereafter filed an Amended Third Party Complaint against, among others, The LoJack Company (LoJack), for indemnification/contribution.

The District of Columbia has filed a claim against LoJack without justification.  The District of Columbia has no facts whatsoever to support any claim of negligence or discrimination against the Plaintiff and cannot, in any fashion, present a prima facie case supporting it's Amended Third Party Complaint.  In so far as the claims against LoJack are unsubstantiated, without a factual basis, and brought in bad faith, LoJack is entitled to Summary Judgment as a matter of law, and is entitled to sanctions for the District of Columbia's violation of Rule 11.

## II.  LEGAL PRINCIPLES

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law. In Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not himself to weigh the evidence and

3

determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248. Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." Id. at 252. In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)), but the opponent must bring forth evidence upon which a reasonable fact finder could rely. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The mere existence of a "scintilla" of evidence in support of the nonmoving party's case is not sufficient to preclude an order granting summary judgment. Anderson, 477 U.S. at 252.

## III.  ARGUMENT

### A. The District of Columbia Has No Facts to Support It's Claims Against LoJack

The Third Party Plaintiff, the District of Columbia, can present no facts to support it's claim for indemnification/contribution against the Third Party Defendant, The LoJack Company.  Moreover, the District of Columbia cannot

4

dispute any undisputed fact asserted by LoJack.  As such, LoJack is entitled to Summary Judgment on the Amended Third Party Complaint as a matter of law.  In addition, in so far as the District of Columbia clearly had never had any facts or reasonable expectation of discovering facts to support it's claims against LoJack, the Third Party Defendant is entitled to sanctions under Rule 11.

The Plaintiff filed a Second Amended Complaint against only the District of Columbia on February 13, 2006.  The Complaint consists of 148 paragraphs and contains, for the most part, allegations of facts pertaining to the District of Columbia.  The Second Amended Complaint is virtually identical in the claims and assertions as the Complaint filed by Plaintiff on July 22, 2005 and the Amended Complaint filed September 14, 2005.  The District of Columbia filed a Motion to Dismiss that Complaint on October 5, 2005, and subsequently, filed an Answer on May 5, 2006.

The Second Amended Complaint against the District of Columbia is very detailed and thorough, and leaves little doubt as to the nature of the action.  There are Two Counts, one for negligence and one for violation of 42 U.S.C. § 1981 based on racial discrimination.  The Amended Third Party Complaint filed by the District of Columbia against LoJack on the other hand, contains not a single factual assertion to support the claim for

5

indemnification/contribution.  The totality of the claims against

LoJack is in ¶10 and states as follows:

> "To the extent that plaintiff's claims for injuries, pain
> and suffering against the District of Columbia pertain to
> actions or failure to act on the part of the LoJack Company
> with regard to the events that transpired in Arlington
> County on the morning of April 26, 2005, the District of
> Columbia is entitled to indemnification and/or contribution
> from the LoJack Company."

Due to the complete absence of facts to support a claim that

LoJack was negligent and responsible for the events of the

morning of April 26, 2005, and responsible for the District's

discrimination against the Plaintiff, Discovery was sent to the

District of Columbia to determine the underlying facts in it's

possession.  The District of Columbia's Answers and Responses are

attached as Exhibits 5 and 6, and the documents produced are

attached as Exhibits 7 through 11.  The District of Columbia's

Response to the Request for Production of Documents, Exhibit 6,

references the same exhibits attached to the Answers to

Interrogatories.

Interrogatory Number 10 requests all facts supporting the

claim that LoJack was negligent as alleged in the Third Party

Complaint.  The Answer simply refers to Exhibit 1 to the

discovery responses, Exhibit 7 to this Motion, and the

Plaintiff's Second Amended Complaint.  There are no facts

pertaining to LoJack in Plaintiff's Seconded Amended Complaint or

in the Incident Based Event Report prepared by the MPD.

Interrogatory Number 11 requests all facts supporting the claim that LoJack's negligence was a cause of Plaintiff's injuries and damages as alleged in the Third Party Complaint. The Answer simply refers to Exhibit 1 to the discovery responses, Exhibit 7 to this Motion, and the Plaintiff's Second Amended Complaint.

Interrogatory Number 12 requests whether the District of Columbia contends that LoJack's interface with the NCIC was a cause of Plaintiffs injuries and damages, and all facts supporting the contention.  The Answer simply refers to Exhibit 1 to the discovery responses, Exhibit 7 to this Motion, and the Plaintiff's Second Amended Complaint.

Interrogatory Number 13 requests whether the District of Columbia contends that there was a malfunction and/or other defect in the LoJack Stolen Vehicle Recovery System.  The Answer simply refers to Exhibit 1 to the discovery responses, Exhibit 7 to this Motion, and the Plaintiff's Second Amended Complaint.

Interrogatory Number 14 requests whether the District of Columbia contends that there was any type of breakdown in the LoJack Stolen Vehicle Recovery System.  The Answer simply refers to Paragraph 26 of the Plaintiff's Amended Complaint where in she alleges that she was told by to MPD officers that her vehicle was not taken out of the LoJack system.  This is nothing more than an assertion that a statement had been made.  It is not a fact

7

supporting an allegation that the anything wrong with the LoJack
system.  At the very least it is an Admission by the District of
Columbia that it failed to notify LoJack and the NCIC of the
recovery of Plaintiff's vehicle.

Interrogatory Number 15 requests all facts supporting the
claim that LoJack is liable to the District of Columbia for the
Plaintiff's injuries and damages as alleged in the Third Party
Complaint.  The Answer simply refers to Exhibit 1 to the
discovery responses, Exhibit 7 to this Motion, and the
Plaintiff's Second Amended Complaint.

It is evident that the Plaintiff's Second Amended Complaint
contains no facts suggesting any liability whatsoever on the part
of LoJack.  It is equally evident that Exhibit 7, the Incident-
Based Event Report, contains absolutely no facts pertaining to
liability on the part of LoJack.  As a matter of fact, none of
the District's Exhibits attached to it's discovery responses,
Exhibits 7 through 11 to this Motion, contain a single fact
pertaining to LoJack or the Stolen Vehicle Recovery Network.  The
District's Exhibit 2, Exhibit 8 to this Motion, is a Special
Order regarding the LoJack Pilot Program issued in January, 1996.
It contains nothing pertaining the LoJack System on the days or
at the times relevant to Plaintiff's claims against the District.

The District of Columbia, in it's discovery responses, was
obligated to set forth specific facts supporting the basis for

it's claims against LoJack.  It failed to set forth any facts
pertaining in any way to it's claims against LoJack.

It is absolutely clear that the non-moving party, in this
case the District of Columbia, under Federal Rule of Civil
Procedure 56(e), "must do more than simply show that there is
some metaphysical doubt as to the material facts." Matsushita
Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986),
citing, DeLuca v. Atlantic Refining Co., 176 F.2d 421, 423 (CA2
1949) (L. Hand, J.), cert. denied, 338 U.S. 943, (1950).  Rather
the rule requires that the District of Columbia produce "specific
facts showing that there is a genuine issue for trial."
Matsushita, 475 U.S. at 587 (1986).  Where the record taken as a
whole could not lead a rational trier of fact to find for the
non-moving party, there is no "genuine issue for trial." First
National Bank of Arizona v. Cities Service Co., 391 U.S. 253,
288-289, (1968).  The District of Columbia is not able to even
summons up a "metaphysical doubt."

Federal Rule of Civil Procedure, Rule 56(e), states in
pertinent part:

> ... When a motion for summary judgment is made and supported
> as provided in this rule, an adverse party may not rest upon
> the mere allegations or denials of the adverse party's
> pleading, but the adverse party's response, by affidavits or
> as otherwise provided in this rule, must set forth specific
> facts showing that there is a genuine issue for trial. If
> the adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

The last two sentences of the rule are particularly relevant to the matter sub judice and the advisory committee note following the 1963 amendment of Rule 56(e) demonstrates that Congress' intent in amending the rule was to allow parties to fully utilize summary judgment in cases where a claim is not sufficiently supported by an underlying factual predicate:

> "The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule.
>
> It is hoped that the amendment will contribute to the more effective utilization of the salutary device of summary judgment."

1963 Advisory Committee Note to Amendment of Federal Rule of Civil Procedure, 56(e).

Local Civil Rule 7(h) is applicable as well and provides:

> "Each motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement.  An opposition to such a motion shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement... In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."

The Federal Courts for the District of Columbia have held that "if the party opposing the motion fails to comply with this

local rule, then the district court is under no obligation to sift through the record and should instead...deem as admitted the moving party's facts that are uncontroverted by the nonmoving party's Rule LcvR 7(h) statement." <u>Cavanagh v. United States Dept. of State</u>, 2006WL 3147674, (D.D.C. Sept. 29th, 2006), quoting, <u>Securities and Exch. Comm'n v. Banner Fund Int'l</u>, 211 F.3d 602, 616 (D.C.Cir. 2000)(internal quotations and citations omitted).

The Court "has explained...that 'the procedure contemplated by the local rule...isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record." <u>Cavanagh</u>, 2006WL 3147674, citing, <u>Burke v. Gould</u>, 286 F.3d 513, 517 (D.D.C. 2002) (quoting, <u>Gardels v. Cent. Intelligence Agency</u>, 637 F.2d 770, 773 (D.C.Cir. 1980)).  The Court went on to explain that "[t]his circuit has affirmed the grant of summary judgment where the nonmoving party failed to cite any evidence in the record, and in the statement of genuine factual issues, 'did not set forth specific, material facts, but simply asserted, without citing evidence in the record, that there was a disputed issue." <u>Cavanagh</u>, 2006WL 3147674, citing, <u>Burke</u>, 286 F.3d at 518, (D.D.C. 2002); quoting <u>Trapley v. Greene</u>, 684 F.2d 1, 7 (D.C.Cir. 1982).

The District of Columbia had no facts when it filed the Amended Third Party Complaint against LoJack, and it has no facts now.  The District of Columbia has set forth the basis for it's

11

claims against LoJack in it's discovery responses.  Obviously, it has no basis.

B.   The District of Columbia Has No Basis for Indemnification or Contribution Against LoJack for the District's Own Discrimination.

The District of Columbia is apparently also attempting to hold LoJack responsible for indemnification and/or contribution for the District's violation of 42 U.S.C. § 1981.  It not conceivable how the District of Columbia could claim that another party must indemnify or provide contribution for the District's alleged racial discrimination against the Plaintiff.

"A Plaintiff must allege facts to support three elements in order to establish a claim under 42 U.S.C. § 1981: 1) the plaintiff is a member of a racial minority; 2) the defendant intended to discriminate against the plaintiff based on the plaintiff's race; and 3) the discrimination concerned an activity enumerated by the statute." Lacedra v Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114 (D. R.I. 2004)(citations omitted).

An act of racial discrimination under 42 U.S.C. § 1981 involves intentional conduct.  One cannot negligently discriminate based on race.  It is axiomatic that the District is not entitled to indemnification or contribution for it's own intentional conduct.  This was or should have been clear to the District of Columbia when it filed a Third Party Complaint against LoJack.

12

C. <u>The Undisputed Material Facts Show Conclusively That the LoJack System Operated Properly and Played No Part in Plaintiff's Claimed Injuries and Damages</u>

The Plaintiff's vehicle was protected by the LoJack Stolen Vehicle Recovery System.  When a vehicle covered by the system is stolen, a tracking device installed in the vehicle emits a signal that can be picked up by a receiving device installed in some police vehicles.  The information regarding the stolen vehicle is entered into a law enforcement computer system and links to the NCIC and LoJack computers.  The LoJack computers signals the tracking unit in the stolen vehicle through broadcasting towers, and tells the tracking device to activate.  When law enforcement personnel recover the vehicle, the information is once again placed in the law enforcement computer system and NCIC and LoJack are notified.  The LoJack system then signals the recovered vehicle and tells the tracking device to deactivate.  Exhibit 1, James A. Justice Affidavit.

The system is described in detail in Exhibit 2, a two page exhibit consisting of The Stolen Vehicle Recovery Network Illustration and the Stolen Vehicle Recovery Network Description. See also, Exhibit 1, James A. Justice Affidavit, ¶2.

Exhibit 3 is a LoJack computer print-out of the events concerning the Plaintiff's vehicle on the relevant dates and at the relevant times.  See also, Exhibit 1, James A. Justice Affidavit, ¶3.  An examination of Exhibit 3 in relation to the Plaintiff's Second Amended Complaint shows that both documents

13

are consistent in all respects.  Exhibit 3, in the Stolen Vehicle
History section (the middle section) indicates that information
pertaining to the Plaintiff's report of a stolen vehicle were
entered and the tracking unit in Plaintiff's vehicle was
activated on April 25, 2005.  Plaintiff claims that she was
stopped by MPD officers in the area of midnight after her car was
recovered and was told that the vehicle was still listed as
stolen.  Second Amended Complaint ¶¶ 24, 26.  Exhibit 3 indicates
that an inquiry, a "check", was made on April 25, at 11:42 pm.
Plaintiff alleges she was arrested and held by the Arlington
County Police up into the lunch hour before the situation was
resolved.  Exhibit 3 indicates that the recovery of Plaintiff's
vehicle was entered into the system and the tracking device in
her vehicle was deactivated on April 26, 2005 at 12:31 pm.  The
information was entered by PGCPD, the same department that
entered the report of the stolen vehicle and activated the
tracking device the day before.

The Exhibits numbered 2 - 4, and the Affidavit of James
Justice, Exhibit 1, all show conclusively that the LoJack
Recovery system was operating as designed and without a flaw.
There is not a shred of evidence produced by the District of
Columbia, or that can be produced, that would imply there was
anything wrong with the LoJack Recovery system or that LoJack is
responsible in any way for any part of the incident or chain
events upon which Plaintiff bases her claims against the District
of Columbia.

14

Thus, the only rational conclusion that can be drawn is that the District of Columbia filed the Amended Third Party Complaint against LoJack without any facts supporting the claim, and without any expectation that facts would be discovered as litigation proceeded.  To date, the District of Columbia has done nothing to investigate the situation.  It has done nothing to learn whether there is evidence supporting it's claim or not.  The District of Columbia has answered discovery by referencing documents not relevant to the claims and the Plaintiff's Second Amended Complaint that does not speak to LoJack at all.  The District of Columbia did not claim in it's discovery responses that more or further investigation was necessary or even contemplated.

D.  <u>LoJack is Entitled to Rule 11 Sanctions</u>

Rule 11(b)(3) states in pertinent part:

By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, ... an attorney ... is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery ... .

There is no indication that any inquiry or investigation was done prior to the District of Columbia filing the Third Party

15

Complaint.  There has certainly been none since that time.  With respect to the demand for indemnification or contribution for the Plaintiff's racial discrimination claim under 42 U.S.C. § 1981, part (b)(2) of the Rule is relevant.  It states in pertinent part: "the claims ... and other legal contentions ... are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law ... ."  No rational argument could be made that the District of Columbia can be indemnified or receive contribution for it's own intentional conduct, especially from a party that had absolutely no knowledge of the facts or circumstances surrounding the alleged events when they were occurring.

## IV.  CONCLUSION

Under the circumstances, it is clear there is no dispute as to any material fact and the District of Columbia cannot support its claims against LoJack.  The LoJack Company is therefore entitled to Summary Judgment as a matter of law.  The LoJack Company is also entitled to sanctions for the District of Columbia's violation of Rule 11.

Respectfully submitted,

DeCARO, DORAN, SICILIANO,
GALLAGHER, & DeBLASIS, LLP

By:<u>"/s/ Warren D. Stephens"</u>
    Warren D. Stephens
    4601 Forbes Boulevard
    Suite 200, P.O. Box 40
    Lanham, Maryland 20703-0040
    (301) 306-4300
    wstephens@decarodoran.com