IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED | : |
|     Plaintiff | : |
| v. | : |
| DISTRICT OF COLUMBIA | : Civil Action No.: 05-1446 (PLF) |
|     Defendant | : |
| v. | : |
| THE LOJACK COMPANY, et al. | : |
|     Third-Party Defendants | : |

### AFFIDAVIT OF JAMES A. JUSTICE

I, James A. Justice, am of the age of majority, have personal knowledge of the facts stated below pertaining to the LoJack Stolen Vehicle Recovery Network computer reporting systems, and am competent to testify as follows:

1.  I am the Director of Software Development, LoJack Corporation. I have been involved with the development of computer systems handling the law enforcement interface to LoJack since 1985 when I was Manager of Programming for the Massachusetts Criminal History Systems Board, the computer system that handles all police traffic for the state and interfaces with NLETS and National Crime Information Center (NCIC).

2.  Exhibit 2, is an illustration of how the LoJack Stolen Vehicle Recovery Network (SVRN) system works. The second page of the exhibit explains the system. Both documents accurately describe the LoJack Reovery system. Simply stated, a LoJack

Vehicle Locate Unit is installed in the motor vehicle. When the vehicle is stolen a report is made to the police. The information is entered on the State Law Enforcement Computer System which interfaces with both the LoJack Sector Activation Computer (SAC) and NCIC. The LoJack SAC transmits a signal to LoJack towers that will activate and deactivate the Vehicle Locate Unit in the stolen vehicle. Police vehicles with a Vehicle Tracking Unit installed can locate the stolen vehicle by the signal emitting from the activated Vehicle Locate Unit in the stolen vehicle. When the stolen vehicle is recovered, the information is placed on the State Law Enforcement Computer System that sends the information to NCIC and the LoJack SAC. The LoJack SAC then signals the recovered vehicle with a deactivate code that turns off the signal from the Vehicle Locate Unit.

    3.  The LECS Lookup report, attached as Exhibit 3, is from a LoJack database of all LoJack related activity from the participating states and jurisdictions (DC). This is an official business record as printed from the LoJack computer pertaining to the subject vehicle. It accurately displays the information pertaining to the subject vehicle on the relevant dates and at the relevant times.

    4.  The top section of Exhibit 3, is a set of identifiers from various databases tables. The middle section is the stolen vehicle activity. The bottom section is a list of Uplink messages from the

LoJack Unit to the LoJack towers when the unit in the vehicle activates (U) and de-activates (D).

    5. In the stolen vehicle section, the first entry reflects when the LoJack computer received a copy of the stolen vehicle report from the Maryland agency, MD017200. MD017200 is the code for the Prince George's County Police Department. (Exhibit 4, Additional LoJack Database Printout) "EV" is the "Enter Vehicle" message key and the "A" Action key tells the LoJack system to Activate the unit in the stolen vehicle. The Plaintiff's vehicle was entered into the system and the LoJack Vehicle Locate Unit in Plaintiff's vehicle was activated on April 25, 2005 at 5:39 pm.

    6. There are a number of "VEHICLE QUERY" records on Exhibit 3, which are done by police agencies. These queries return the stolen vehicle report information from NCIC to the police terminal which does the query. The "T" is a "Track" or speed-up message telling the unit to transmit faster. The "CHECK" indicator is similar to a query but also produces another set of activation messages from the towers. The vehicle must be stolen in NCIC at the time of the transaction for the record to come back with an "A" or a "T". If the stolen vehicle is not in NCIC
at the time of the query, a de-activation message will be sent to the towers.

    7. There are a number of agencies that entered messages or made queries during the time Plaintiff's vehicle was listed as

stolen. The heading "ORI" on Exhibit 3, contains the codes, and Exhibit 4 contains the corresponding authorities:

MD0172100 is the Prince George's County Police Department.

DCCAP00S2 is the U.S. Capitol Police.

DCMPD00R1 is the D.C. Metropolitan Police Department.

DCPPD00S0 is the U.S. Park Police.

    8. The last entry in the Stolen Vehicle History on Exhibit 3, is the "CV" or Cancel Stolen Vehicle record which causes the stolen vehicle to de-activate. This entry was made by the Prince George's County Police Department (Exhibit 4) and the Plaintiff's Vehicle Locate Unit was deactivated on April 26, 2005 at 12:31 p.m.

    9. A review of the history of stolen vehicle transactions and the confirmation by the uplink messages from towers, Exhibit 3, it is clear that the LoJack system performed as designed during this period of time, and the NCIC stolen vehicle record on SAJDA01C1YFL44194, Plaintiff's vehicle, was not removed from NCIC until after the last query on April 26, 2005 at 09:56 am.

    10. A review of the history of stolen vehicle transactions and the Plaintiff's Complaint are entirely consistent and support the fact that the Plaintiff's vehicle was reported stolen on April 25, 2005, the Vehicle Locate Unit was activated, and the information was placed on the system by the Prince George's County Police Department. There was a "Check" message entered by the Metropolitan Police Department on April 25, 2005 at 11:42 pm.

Finally, the stolen vehicle was cancelled and the Vehicle Locate Unit was deactivated by the Prince George's County Police Department as indicated above on the 26th at 12:31 pm.

11.  At no time during the subject dates and times did the LoJack Stolen Vehicle Recovery Network (SVRN) fail in any way.

12.  At all times during the subject dates and times the LoJack SVRN operated as it was designed to operate.

13.  At no time during the subject dates and times was there any failure in the software or hardware or any other component utilized in the LoJack SVRN.

_____
JAMES A. JUSTICE

STATE OF Massachusetts    :
COUNTY OF Norfolk    :

Sworn to and subscribed before me this 26th day of April, 2007.

_____
NOTARY PUBLIC

My Commission Expires: 10/2/2009.

I:\Common\WP\L23\wds\Alfred v Lojack Corp\Motions\Affidavit of James A. Justice.wpd

-5-