UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICIA Y. ALFRED,

    Plaintiff,

v.

DISTRICT OF COLUMBIA,

    Defendant

v.

THE LOJACK COMPANY, et al.

    Third-Party Defendants

Civil Action No. : 1:05-cv-01446-PLF

### DEFENDANT/THIRD PARTY PLAINTIFF DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS TO THIRD PARTY DEFENDANT LOJACK'S FIRST SET OF INTERROGATORIES

Pursuant to Fed. R. Civ. P. 33, Defendant/Third Party Plaintiff District of Columbia provides the following answers to Third Party Defendant LoJack's interrogatories. Defendant, in response to said interrogatories, by and through, George B. Becker Jr., Paralegal Specialist, Office of the Attorney General for the District of Columbia, 441 4th St., NW, Washington, DC 20001, having been first duly sworn under oath, upon information and belief, provides the following answers to interrogatories propounded to the District of Columbia by LoJack:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the District, its agents, representatives, and attorneys, unless privileged.

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus, does not necessarily purport to be the precise language of the executing party.

(c) Defendant reserves the right to amend, revise, or supplement its answers to these interrogatories if and when new or different information becomes available.

(d) For any additional responsive information made available through deposition testimony, the defendant incorporates such information for the purposes of giving the plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete.

## GENERAL OBJECTIONS

Defendant objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, Defendant objects to any part of the Plaintiff's instructions which seek to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendant's control or not currently known to its attorneys after reasonable inquiry.

Defendant objects to the confidential personal information contained in the personnel file of an employee of the District of Columbia. This information is not subject to release pursuant to D.C. Code §§ 1-631 et. seq., 5-113.06, DCMR 6-3113, absent a release from the Court.

Defendant does not possess independent knowledge of the incident in question and must rely on its agents and employees involved in the incident and/or contemporaneously filed reports of the incident in question.

## INTERROGATORIES

1. State the full name of the person answering these Interrogatories, your business address, your position with the District of Columbia, and the dates that you have occupied your current position.

**Answer: George B. Becker Jr., Paralegal Specialist for the Office of the Attorney General for the District of Columbia, 441 4th Street, N.W., Sixth Floor South, Washington, D.C. 20001.**

2. If the District of Columbia has ever been involved in any other occurrence resulting in allegations of negligence concerning the events alleged in Plaintiff's Complaint state the details of the occurrence, the names and addresses of the persons involved, and whether any claim or suit was made by or against District Columbia. If suit was filed, state the name of the case, the case number and the Court where it was filed, and the names, addresses and telephone numbers of any attorneys representing any parties in any such case(s).

**Answer: Defendant objects to Interrogatory No. 2 because it is overly broad, irrelevant to the issues in these proceedings and not likely to lead to the discovery of relevant information. In addition, all lawsuits filed against the District are public record and equally accessible to any party.**

3. Please state the names, addresses, and telephone numbers of all persons known to you and/or your counsel to have been witnesses to any of the events alleged in Plaintiff's Complaint, and the location of each witness at the time of the each event.

**Answer: The Defendant objects to this interrogatory as being vague, overly broad, and unduly burdensome. Without waiving this objection, MPD Officer Fanone; MPD Officer IM, his partner the night of the incident; the Lojack Company; Arlington County**

3

**Police Department (ACPD) Officer DiGeronimo, ACPD Officer Giambrone, ACPD Officer Bennett, ACPD Officer Rodriguez, Major Cocanour, Colonel Grunwald; the Plaintiff Alicia Alfred, and her brother Ramon Taylor.**

4. Give the name, address and telephone number of any person not heretofore mentioned, having personal knowledge regarding the subject matter of any of the facts or allegations set forth in the Plaintiff's Complaint or in your pleadings, including but not limited to, the happening of the subject events, and state the subject matters for which said persons have personal knowledge.

**Answer: See the Answer to Interrogatory No. 3.**

5. If any party to this suit, including but not limited to the party sending these Interrogatories, or any other person involved in, or a witness to, the subject occurrence, made or gave to anyone any statement, comment or report concerning the subject occurrence or fact relevant to any issue in this case, including but not limited to, the events alleged in Plaintiff's Complaint, state by whom, when and where such statement was made and what was said, and if signed by any party or agent thereof, attach a copy.

**Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1.**

6. Please state the names, addresses and telephone numbers of all persons who have given you statements, signed, written or recorded, concerning the occurrence which is the subject matter of this suit. Please include date of each statement; the name, address and telephone number of the person who took such statement; and the present custodian (s) of such statements.

**Answer: Officer IM prepared the MPD report.**

4

7. If you have in your possession or have any knowledge of any photograph, film, picture, videotape, motion picture, drawing, plat, or other graphic or pictorial representation of the location of or of the happening of the occurrence, any records or documents, including but not limited to computer and electronic records, or any objects involved in the occurrence, list each such item describing its subject matter, date or dates upon which taken or prepared, by whom taken or prepared, and name the person who now has custody or possession thereof.

**Answer: None.**

8. Name all experts whom you propose to call as witnesses on any issue in this case, furnish a copy of his or her report, and, in addition, give the following information for each expert; Name, occupation, title, professional address, area of specialty, if any, and professional relationship to you or your attorney; Complete educational background and professional experience background; the substance of any opinion to which you expect such person to testify; and the facts on which this opinion is based.

**Answer: Defendant District of Columbia has not decided whom it will call as witnesses in this case.**

9. Give a concise statement of the facts showing how you contend the occurrence took place including but not limited to how you contend Lojack Company was involved.

**Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1.**

10. State all facts supporting your contention that Lojack was negligent as alleged in the Third-Party Complaint.

**Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1, and the Second Amended Complaint.**

11. State all facts supporting your contention that the alleged negligence of Lojack was a cause of the Plaintiff's injuries and damages as alleged in the Third-Party Complaint.

**Answer: Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1, and the Second Amended Complaint.**

12. State whether the District of Columbia contends that the Lojack company computer interface with the National Crime Information Center was a cause of the Plaintiff's injuries and damages, and if so, state all facts upon which you base your contention.

**Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1, and the Second Amended Complaint.**

13. State whether you contend that there was a malfunction and/or other defect in the Lojack Stolen Vehicle Recovery System pertaining to the subject matter of Plaintiff's Complaint, and state the full, factual basis for each such contention.

**Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1, and the Second Amended Complaint.**

14. State whether you contend that there was any type of breakdown in the Lojack Stolen Vehicle Recovery System as it pertains to the subject matter of the Plaintiff's Complaint, and if so, state all facts upon which you base your contention.

**Answer: Plaintiff alleged in ¶ 26 of the Second Amended Complaint that she knew shortly after midnight on April 26, 2005 that her vehicle had not been taken out of the LoJack system because two MPD officers stopped her car and told her so.**

15. State all facts upon which you base your allegations that the Lojack Company is liable to the District of Columbia for Plaintiff's alleged injuries and damages as alleged in the District of Columbia's Third-Party Complaint.

**Answer: See the Metropolitan Police Department's (MPD) Incident Based Event Report, Exhibit 1, and the Second Amended Complaint.**

I have read the foregoing answers to interrogatories, and they are true to the best of my knowledge, information, and belief.

*/s/ George Becker Jr.*
George Becker
Paralegal Specialist

SWORN AND SUBSCRIBED before me, a Notary Public, this 6th day of April 2007.

*/s/ Notary*
Notary Public, D.C.

My Commission Expires: 2/28/09

Objections by counsel:

LINDA SINGER
Acting Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ N. Lynch*
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II

*Urenthea McQuinn*
URENTHEA McQUINN [D.C. Bar #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-6646
(202) 727-0431 (Fax)
urenthea.mcquinn@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2007, I sent, via regular mail, first class postage prepaid, a copy of the foregoing document to the following persons:

**Warren D. Stephens [DC Bar # 362763]**
4601 Forbes Blvd., Suite 200
P.O. Box 40
Lanham, MD 20703
(301) 306-4300

**Jimmy A. Bell, Esq. [MD Bar # 14639]**
9610 Marlboro Pike
Upper Marlboro, MD 20772
(301) 599-7620

*Urenthea McQuinn*
Urenthea McQuinn [D.C. Bar #182253]
**Assistant Attorney General, D.C.**