UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALICIA Y. ALFRED,

    Plaintiff,

v.

DISTRICT OF COLUMBIA,

    Defendant

v.

THE LOJACK COMPANY, et al.

    Third-Party Defendants

Civil Action No. : 1:05-cv-01446-PLF

## DEFENDANT/THIRD PARTY PLAINTIFF DISTRICT OF COLUMBIA'S RESPONSES AND OBJECTIONS TO THIRD PARTY DEFENDANT LOJACK'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

George Becker, Paralegal Specialist, Office of the Attorney General, 441 4th Street, N.W., Washington D.C. 20001, having been first duly sworn under oath, upon information and belief, provides the following responses to LoJack's First Request for Production of Documents:

(a) The information supplied in these answers is not based solely on the knowledge of the executing party, but includes knowledge of the party, its agents, representatives, and attorneys, unless privileged;

(b) The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers, and thus, does not necessarily purport to be the precise language of the executing party;

(c) Defendant reserves the right to amend, revise or supplement its answers to these document requests if and when new or different information becomes available;

(d) For any additional responsive information made available through deposition testimonies, the defendant incorporates such information for purposes of giving the Plaintiff notice that such information exists, but does not adopt such testimony as accurate and complete;

(e) In accordance with SCR-33 (e), this Defendant will supply documents which respond to Plaintiff's interrogatory when such an answer "may be derived or ascertained" from the documents supplied and "the burden of deriving or ascertaining the answer is substantially the same" for Plaintiff and this Defendant.

## GENERAL OBJECTIONS

Defendant objects to the production of any information which is protected by the attorney-client privilege, deliberative process privilege, work product doctrine or any similarly recognized privilege. Inadvertent production of any information or documents so privileged does not constitute a waiver of such privilege or any other grounds for objecting to the discovery request. Additionally, Defendant objects to any part of the Plaintiff's instructions, which seeks to impose any discovery requirements outside the scope of the rules, especially any obligation to produce information not in the Defendant's control or not currently known to its attorneys after reasonable inquiry.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Any and all photographs, film, videotape, moving pictures, drawings, diagrams, or any other graphic of visual representation or depiction of any of the events alleged in the Plaintiff's Complaint, or of any objects connected with those events, or of any injuries or damages sustained by the Plaintiff as a result of the subject occurrence.

**Response: None.**

2

2. Any and all reports, records, notes, written materials, or electronically stored or computer stored information evidencing the findings or opinions regarding any fact or issue relevant to this case, of any expert whom you intend to call as a witness at the trial of this matter.

**Response: The Defendant objects to this request as vague, overly broad, unduly burdensome, and possibly subject to the deliberative process privilege, work product privilege and attorney-client privilege. Without waiving these objections, the Defendant has not decided whom it will call as witnesses in this case. Further, the Defendant has yet to name an expert witness pursuant to SCR-Civil 26(b) (4).**

3. Any and all signed written or recorded statements of any party to the present lawsuit.

**Response: None.**

4. Any and all written material or physical evidence of any kind which you intend to offer in evidence at the trial of this matter.

**Response: The Defendant objects to this request as vague, overly broad, unduly burdensome, and possibly subject to the deliberative process privilege, work product privilege and attorney-client privilege. Without waiving these objections, the Defendant will present the following documents at trial, including others revealed during discovery and others listed by its expert witness:**

**Exhibit 1 – MPD Special Order 96.1A (1/16/96), LoJack Pilot Program and the relevant pages from the National Crime Information Center (NCIC) 2000 Operating Manual**

**Exhibit 2 – The MPD Event Chronology Report**

**Exhibit 3 - The PD251, the Metropolitan Police Department (MPD) Incident-Based Event Report**

**Exhibit 4 - The PD252, the Vehicle Recovery Notice/ WALES and NLETS reports**

3

**Exhibit 5 - The National Crime Information Center reports**

5. Any and all written materials, documents, or tangible items that evidence any settlement agreement, including but not limited to any releases, covenants not to sue, or settlement agreements of any nature that have been reached with any party, past or present, to the present law suit, or any person or entity not a party to this suit against whom a claim was asserted for damages arising out of the subject events.

**Response: None.**

6. All documents relating to the District of Columbia's responses to Interrogatory numbers 10, 11, 12, 13, 14 and 15.

**Responses: See the response to Request No. 4.**

7. All documents, including, but not limited to all computer and/or electronic records, of all Metropolitan Police Department communications pertaining to all events described in Plaintiff's Complaint and the District of Columbia's Third –Party Complaint.

**Response: See the response to Request No. 4.**

8. All documents, including, but not limited to all computer and/or electronic records, of all Metropolitan Police Department communications pertaining to the Metropolitan Police Department and/or any District of Columbia governmental entity and the Prince George's County police department and/or government, and any of their agents or employees.

**Response: The Defendant objects to the request for information as to the Prince George's County Police Department. Without waiving this objection, see the response to Request No. 4.**

9. All documents, including, but not limited to all computer and/or electronic records, of all Metropolitan Police Department communications pertaining to the Arlington County Police

4

Department and/or the Arlington County Police Department and /or the Arlington County government, or any of their agent or employees.

**Response: None.**

10. All documents, including but not limited to, all computer and/or electronic records concerning all of the Metropolitan Police Department's "teletype" communications by and between the Metropolitan Police Department officers, the Metropolitan Police Department and/or the District of Columbia government and the National Crime Information Center pertaining to the events alleged in the Plaintiff's Complaint.

**Response: See the National Crime Information Center reports, Exhibit 5.**

11. All documents, including but not limited to, all computer and/or electronic records concerning all of the Metropolitan Police Department's "teletype" communications by and between the Metropolitan Police Department officers, the Metropolitan Police Department and/or the District of Columbia government and the Prince George's County Police Department and/or government or any of their agents or employees pertaining to the events alleged in the Plaintiff's Complaint.

**Response: See Exhibit 4.**

12. All documents and records of any type, including but not limited to theft reports, pertaining to the events alleged in the Plaintiff's Complaint.

**Response: See Exhibits 1 through 5.**

13. All documents and records of any type, including but not limited to recovery reports, pertaining to the events alleged in the Plaintiff's Complaint.

**Response: See Exhibits 1 through 5.**

14. All reports of any type, including but not limited to all electronic and computer records, showing activation and cancellation information, dates and times pertaining to the theft and recovery of the Plaintiff's vehicle and the events as alleged in the Plaintiff's Complaint.

**Response: See Exhibits 1 through 5.**

15. The Metropolitan Police Department arrest report and all related and supporting documents pertaining to the arrest of the person(s) alleged to have been related to the theft of the Plaintiff's vehicle as alleged in the Plaintiff Complaint.

**Response: See Exhibit 1.**

        Objections by counsel:

        LINDA SINGER
        Acting Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        _/s/ Nicole Lynch_____
        NICOLE L. LYNCH [D.C. Bar #471953]
        Chief, General Litigation, Section II

        _/s/ Urenthea McQuinn_____
        URENTHEA McQUINN [D.C. Bar #182253]
        Assistant Attorney General
        441 4th Street, N.W.
        Sixth Floor South
        Washington, D.C. 20001
        (202) 724-6646
        (202) 727-0431 (Fax)
        urenthea.mcquinn@dc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> day of April 2007, I sent, via regular mail, first class postage prepaid, a copy of the foregoing document to the following person:

**Warren D. Stephens [DC Bar # 362763]**
4601 Forbes Blvd., Suite 200
P.O. Box 40
Lanham, MD  20703
(301) 306-4300

**Jimmy A. Bell, Esq. [MD Bar # 14639]**
9610 Marlboro Pike
Upper Marlboro, MD  20772
(301) 599-7620

*Urenthea McQuinn*
**Urenthea McQuinn [D.C. Bar #182253]**
**Assistant Attorney General, D.C.**