IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA Y. ALFRED | : |
| Plaintiff | : |
| v. | : |
| DISTRICT OF COLUMBIA | : Civil Action No.: 05-1446 (PLF) |
| Defendant | : |
| v. | : |
| THE LOJACK COMPANY, et al. | : |
| Third-Party Defendants | : |

**THIRD PARTY DEFENDANT THE LOJACK COMPANY'S REPLY TO THE DISTRICT OF COLUMBIA'S OPPOSITION TO LOJACK'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Third Party Defendant, The Lojack Company, by and through its attorneys, Warren D. Stephens, and DeCaro, Doran, Siciliano, Gallagher & DeBlasis, LLP, and for its reply to the District of Columbia's Opposition to Lojack's Motion for Summary Judgment filed herein, states as follows:

The District of Columbia has not raised any disputed material facts. The District of Columbia has set forth the word "disputed" in response to some of LoJack's assertions, but has set forth no facts. The District of Columbia has submitted "disputed facts" pertaining to the responsibilities of the various parties in this case, including Prince George's County and LoJack. These responsibilities are not disputed. However, the District of Columbia also fails to present any evidence whatsoever that it first fulfilled its obligations and secondly

that the obligations of LoJack were not fulfilled. To the contrary, the District of Columbia did present evidence showing that it did not fulfill its responsibilities, and that LoJack did fulfill its obligations.

As stated in LoJack's Motion for Summary Judgment and corroborated by the District of Columbia's opposition, the Plaintiff's vehicle was reported as stolen to the Prince George's County Police Department on April 25, 2005. The Prince George's County Police Department entered the information into the National Crime Information Center (NCIC) and the LoJack system subsequently activated the stolen vehicle's signal in the Plaintiff's automobile. The Plaintiff's vehicle was recovered later that same night in Washington, D.C.

After the Plaintiff's vehicle was returned to her later on the night of April 25, 2005, she was stopped by the District of Columbia Police Department because her vehicle was still emitting a stolen vehicle signal. The next morning, April 26, 2005, the Plaintiff was confronted by the Arlington County Police Department because her vehicle was still transmitting the signal. On that same day, following Plaintiff's ordeal, Prince George's County Police Department was contacted regarding the recovery of the vehicle and the LoJack system turned off the signal being emitted by Plaintiff's vehicle.

The District of Columbia's reason for opposing the Motion

for Summary Judgment is that there is a dispute as to the responsibility of the various parties, and that discovery is required for a National Crime Information Center (NCIC) document that the District of Columbia provided as Attachment 1 to its Opposition.  As stated above, there is no dispute of material fact and everyone can agree on the line of responsibility.  The problem is that the District of Columbia has no evidence that it fulfilled its obligations and that LoJack did not.  The primary point here is that the District of Columbia has no evidence to support its third party claim against LoJack.

The second reason for the District of Columbia's opposition is equally invalid.  There is no discovery necessary for Attachment 1 for a couple of reasons.  First, it is not a NCIC document.  Secondly, it is a Metropolitan Police Department document and the District of Columbia should not have to engage in discovery regarding its very own document.  Actually, the document is part of a package of documents produced by the District of Columbia in discovery.  The District of Columbia's response to LoJack's Request for Production of Documents was attached to LoJack's Motion for Summary Judgment as Exhibit 6.  The District of Columbia's Response to the Request for Production of Documents identifies the documents that are attached.  The District of Columbia's Response identifies Exhibit 4 to its Response to Request for Production of Documents as Vehicle

Recovery Reports. Those reports were attached to LoJack's Motion for Summary Judgment as Exhibit 10.

Page 4 of Exhibit 10 is the document attached as Attachment 1 to the District of Columbia's Opposition. The document describes the recovering jurisdiction as the District of Columbia Metropolitan Police Department. The document is date and time stamped as April 26, 2005 at 12:29 p.m. Prince George's County is identified as the originating authority initially reporting the stolen vehicle and the NIC number is that which is attached to the District of Columbia's Stolen Vehicle Reports. The document is obviously directed to the Plaintiff's vehicle in that it contains her Florida license plate number as well as her vehicle identification number.

The more important issue before this Court is page 7 of Exhibit 10, also produced by the District of Columbia, entitled "Metropolitan Police Department DC, NLETS YQ Confirmation Request, EV-Stolen Vehicle." This document is a request by the District of Columbia Metropolitan Police Department to the Prince George's County Police Department for confirmation that the vehicle identified in the document, Plaintiff's vehicle, is the stolen vehicle in the Net Law Enforcement Telecommunications System ("NLETS"). The document indicates a date and time of April 26, 2005 at 12:06 p.m. The designated originating agency is Prince George's County Police Department. Noted at the top of

the document is that the communication is the first request. The priority assigned to the request is R for routine. The document identifies the NIC number contained on all the Metropolitan Police Department records for the Plaintiff's vehicle. It contains the license number of the Plaintiff's vehicle as well as the vehicle identification number. It has the recovery officer, S. IM, as identified on the first page of Exhibit 10. The document identifies the recovering agency as the Metropolitan Police Department, with a phone number and a fax number. Finally, it requests confirmation of Plaintiff's name, address and phone number. It is electronically signed by St. Hill, J, TT Infotech with a time and date stamp of 1204 hours on April 26, 2005. The document indicates it was sent by PD 1399, a MPD personnel identifier.

The District of Columbia attached two Affidavits to its Opposition. One was from Officer Michael F. Fanone, one of the officers involved in the recovery of the Plaintiff's vehicle and the arrest of the Plaintiff's brother. The Affidavit was Attachment 3 to the District of Columbia's Opposition. In his Affidavit, Officer Fanone states that it is his usual practice to call Teletype by telephone when a stolen vehicle is recovered. He also states he does not recall any variance in that routine with respect to the Plaintiff's vehicle. This is simply not evidence that Officer Fanone ever called Teletype about anything.

He kept no record of the telephonic transaction.

The District of Columbia, in Attachment 5 to its Opposition, included an Affidavit of Sgt. Irving Curry, the Director of Teletype.  He states that officers recovering a stolen vehicle notify Teletype by phone.  However, he states that it is not the practice of Teletype to record or make records of such calls.  Again, a statement of policy is no indication if or when such a call was actually made in this case.

Sgt. Curry goes on to explain the process that his teletype department follows when alerted to the recovery of a stolen vehicle.  He describes how a message is sent, in this case to the Prince George's County Police Department, as the originating agency.  He describes that there is to be a response within one hour or a second message will be sent, and then a third message sent, and so forth.  The sergeant describes communications going through the Net Law Enforcement Telecommunications System (NLETS), just as reflected on page 7 of LoJack's Exhibit 10.  He states that electronic records of these communications are not kept, but hard copies of screen prints are kept.  Unfortunately, he states that he has looked for such hard copies and he cannot find them.  All he had to do was look at Exhibit 10, which is Exhibit 4 to the District of Columbia's Response to a Request for Production of Documents.

It just so happens that the first page of Exhibit 10,

indicates that IM, S. filled out the form. It also has the arrest date and time, not on the night of April 25th as indicated in the MPD Incident Report, but at 12:05 on April 26, 2005. Coincidentally, the date and time occurs after the Plaintiff's ordeal with the Arlington County Police Department and around the same time frame that the MPD teletype department sent the first message regarding the recovery of Plaintiff's vehicle to the Prince George's County Police Department. Page 1 of Exhibit 10. As clearly shown, and as completely undisputed, LoJack's Exhibit 3 shows that the signal in Plaintiff's vehicle was terminated by LoJack within minutes of the dispatch of the MPD's first teletype message regarding the recovery of Plaintiff's vehicle.

    The District of Columbia can say what it pleases about the content and meaning of its own documents-although it has not done so thus far-but it does not change the fundamental failure of the District of Columbia that is present in this case. The District of Columbia has absolutely no evidence that LoJack acted or failed to act in any way that is causally connected to the Plaintiff's ordeal with the Arlington County Police Department. The District of Columbia has presented no facts anywhere in this litigation even hinting that LoJack should be involved in this litigation. The bottom line is that the District of Columbia has no evidence that LoJack's system did not operate flawlessly and promptly. Fundamental to the District of Columbia's Third Party

Claim against LoJack is that there was a failure in the system. There is simply no evidence of such. To the contrary, the District of Columbia's own documents indicate that the LoJack system performed as it should have.

The District of Columbia's statement that LoJack's Motion for Summary Judgment should be denied because there needs to be discovery concerning its own document is completely disingenuous. Not only is it preposterous, but the statement is indicative of the fact that the Third Party Complaint was brought against LoJack in bad faith and without substantial justification. There never was a shred of evidence available to the District of Columbia for a third party complaint. There was no discovery initiated by the District of Columbia to find any basis for the allegations it made. Yet, at the stage where this Court has before it a Motion for Summary Judgment, the District of Columbia wants to still delay the inquiry, to delay the admission that it has brought forth no facts against LoJack, and delay a decision to some time in the future so it can discover its own documents. The failure to support a third party complaint and a failure of the District of Columbia's logic clearly warrants the imposition of sanctions.

As such, LoJack is entitled to summary judgment, as a matter of law, with respect to the third party complaint brought against it by the District of Columbia.

                              Respectfully submitted,

                              DeCARO, DORAN, SICILIANO,
                              GALLAGHER, & DeBLASIS, LLP

                    By: /s/ Warren D. Stephens
                        Warren D. Stephens
                        4601 Forbes Boulevard
                        Suite 200, P.O. Box 40
                        Lanham, Maryland 20703-0040
                        (301) 306-4300
                        wstephens@decarodoran.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of June, 2007, I served all counsel by E-Filing and that I also mailed, postage-prepaid, a copy of the foregoing to:

Jimmy A. Bell, Esquire
LAW OFFICES OF JIMMY A. BELL, P.C.
9610 Marlboro Pike
Upper Marlboro, MD 20772
**Counsel for Plaintiff**

Urenthea McQuinn, Esq.
Office of Attorney General
441 4th Street, NW
5th Floor South
Suite 600
Washington, DC 20001
**Counsel for District of Columbia**

                                  /s/ Warren D. Stephens
                                Warren D. Stephens

I:\Common\WP\L3\WDS\Alfred v Lojack Corp\Motions\Reply to DC's Opp to MSJ.wpd