## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALICIA Y. ALFRED,**<br>             **Plaintiff,**<br><br>         **v.**<br><br>**DISTRICT OF COLUMBIA,**<br>             **Defendant &**<br>             **Third Party Plaintiff,**<br><br>         **v.**<br><br>**THE LOJACK COMPANY,**<br>             **Third Party Defendant.** | **Civil Action No. 05-1446 (PLF)** |

**DEFENDANT DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AS
TO PLAINTIFF**

On September 28, 2007, defendant District of Columbia (the "District"), pursuant to Fed. R. Civ. P. 56, moved for summary judgment in its favor on all counts of plaintiff's Complaint. On October 12, 2007, plaintiff filed her Opposition. Defendant herein files its Reply to that opposition. Plaintiff pays scant attention to the legal issues raised by defendant by stating, as to each issue, that there are material facts in dispute. However, the opposing arguments lack substance and proper citation to the record. As explained more fully in this brief, even when construing the facts in the light most favorable to plaintiff, plaintiff cannot prevail on her claims in this lawsuit, and defendant is entitled to judgment as a matter of law against plaintiff.

*Argument*

**I.     BECAUSE PLAINTIFF DID NOT SPECIFICALLY ADDRESS AND DISPUTE DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE, DEFENDANT'S LIST OF MATERIAL FACTS SHOULD BE DEEMED CONCEDED.**

Plaintiff did not directly address defendant's Statement of Undisputed Material Facts; plaintiff simply copied 16 pages of the paragraphs of her Second Amended Complaint, and deposition, and presented those as her Statement of Disputed Material Facts. Plaintiff also did not reference the majority of the facts, which she listed, to the portions of the record that support those facts. Defendant's list of undisputed material facts, therefore, should be treated as conceded. LCvR 7(h) provides as follows:

> … In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

In *Sisay v. Greyhound Lines*, 34 F. Supp.2d 59 (D..D. C. 1999), the court held that it would take the defendants' Statement of Material Facts As to Which There Is No Genuine Issue as conceded since the plaintiff failed to include a separate statement of controverted material facts in dispute with his opposition to the defendants' motion for summary judgment.

Here, plaintiff's 16 page Statement of Material Facts in Dispute is only a restatement of the Second Amended Complaint and deposition, without reference to the record. Moreover, plaintiff's Statement of Material Facts in Dispute does not directly address the 9 facts listed by defendant; it simply repeats the numerous paragraphs of the

Second Amended Complaint without reference to the record for the most part.

Defendants' list of 9 material facts, therefore, should be held to be conceded in this case.

II.  **PLAINTIFF'S OPPOSITION FAILS TO CITE A CUSTOM OR POLICY OF THE DISTRICT THAT VIOLATED HER RIGHTS; THEREFORE, HER CLAIM UNDER 42 U.S.C. § 1981 FAILS.**

In order to maintain a claim against the District under 42 U.S.C. § 1981, plaintiff must allege and establish that a custom or policy of the Defendant was the moving force that caused her harm. *Jett v. Dallas Independent School District,* 491 U.S. 701, 710-737 (1989). Plaintiff produces no evidence of a custom or policy under 42 U.S.C. § 1981, as the reason for the alleged deprivation of her of her civil rights; therefore, her claim under this statutory provision must fail. In fact, on pages 21 through 22 of her Opposition, plaintiff admits that she does not claim that the denial of her rights under 42 U.S.C. § 1981 were based upon a custom or policy. The bare allegation that just because a white officer was one of the individuals involved with the recovery of her car, racial discrimination against her was involved, is fatal to her claim under § 1981. This statutory provision requires that plaintiff establish that a custom or policy was involved in order to permit such a grievous charge by plaintiff. This record, however, is lacking totally in any evidence of a custom or policy to deprive persons of color, including plaintiff, of their civil rights.

Courts have consistently applied the custom and policy analysis to §1981 claims against municipalities. *Medina v. District of Columbia* 2007 U.S. Dist. (Decided June 6, 2007) (Sullivan, J.) (custom and policy analysis applied to a violation of rights under §1981); *Taylor, et al. v. District of Columbia Water & Sewer Authority,* 241 F.R.D. 33, n5 (Decided March 13, 2007) (Kennedy, J) (The requirement of a common policy applies to intentional discrimination under Section 1981). To show that a municipal

custom or policy caused a constitutional violation, plaintiff must do more than identify conduct attributable to the municipality. *Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 404.* Plaintiff must "show fault on the part of the city based on a course of action its policy-makers consciously chose to pursue." *Carter v. Dist. of Columbia, 254 U.S. App. D.C. 71, 795 F.2d 116, 122 (D.C. Cir. 1986).* That conduct must be "the moving force of the constitutional violation." *Monell v. New York City Dept. of Social Services, 436 U.S. at 691, 694 (1978).*

Plaintiff has failed to allege and prove that a custom or policy of defendant, which was approved by one of the defendant's policymakers was the cause of her alleged injuries. Plaintiff merely alleges that MPD employee Officer Fanone violated her rights under 42 U.S.C. § 1981. Thus, a custom or policy of defendant's was not the "moving force" behind the alleged violation of plaintiff's constitutional rights. Count II of the Second Amended Complaint, violation of 42 U.S.C. § 1981, therefore, is not supported by the facts of this case and should be dismissed.

### III.    PLAINTIFF FAILS TO PROVIDE AFFIDAVITS OR OTHER SPECIFIC EVIDENCE TO PROVE THAT THERE IS A DISPUTE OF MATERIAL FACT AS TO NEGLIGENCE.

Plaintiff asks that the Court look generally at defendant District of Columbia's Answers to LoJack's Interrogatories as proof that there are material facts as to negligence in this case (LoJack's Exhibit 5) and to LoJack's Exhibit 3 (LEC's Lookup System). Plaintiff does not provide details of what she considers in dispute other than to say that defendant should have notified the originating agency Prince Georges County immediately. However, it is important to note that plaintiff admits in her Opposition that subsequent to her encounter with Officer Fanone, other MPD officers told her that NCIC

correctly showed that her car had been recovered, but was still emitting a LoJack signal. (Second Amended Complaint, ¶¶ 30-32, & Opposition, page 3.) This evidence shows that Officer Fanone did call in and report the plaintiff's vehicle as recovered to MPD Teletype/Communications, which then informed Prince Georges County of the recovery. Prince Georges County has the responsibility to notify NCIC.  (Affidavit of Sergeant Curry, ¶¶ 4, 5 & 6.)  Defendant has sworn affidavits from Officer Fanone and Sergeant Curry as to what defendant District of Columbia did and should have done.  Plaintiff fails to refute the District's position in these affidavits with counter affidavits or other specific documentation.  Asking that the Court read generally the documents submitted by LoJack is not refutation of the District's sworn affidavits that it followed its protocol following the recovery of plaintiff's vehicle.  Plaintiff's argument in this regard fails because she has no sworn affidavits or countervailing independent evidence to prove that Officer Fanone did not do what he stated in his affidavit.

**IV.    PLAINTIFF DOES NOT COUNTER THE DISTRICT'S ARGUMENT THAT THE ACTIONS OF THE ARLINGTON COUNTY POLICE OFFICERS WERE UNFORESEEABLE.**

Plaintiff describes her interaction with MPD officers after midnight.   These officers told her that the NCIC status correctly showed that her car had been recovered, and they told her to be careful on her way home.  (Second Amended Complaint, ¶¶ 30-32, & Opposition, page 3.)  This conduct by those MPD officers was foreseeable as a traffic stop.  On the other hand, the egregious conduct plaintiff alleges of the Arlington police officers was not foreseeable.  With sirens blaring and lights flashing, the Arlington County, Virginia police officers blocked plaintiff's car across three lanes of traffic when she tried to drive away from her job.  (Second Amended Complaint, ¶ 39.)  With guns

5

pointed at plaintiff, the Arlington County police officers handcuffed plaintiff in front of her co-workers. (Second Amended Complaint, ¶¶ 39 through 57.) There were at least eight Arlington County police officers and four Arlington County police cars on the scene all with roof lights flashing. (Second Amended Complaint, ¶ 88) Plaintiff was detained in handcuffs by the Arlington County police for over an hour well into the afternoon, even after her license, registration and insurance were verified. (Second Amended Complaint, ¶ 122; Alfred Deposition (8/29/07), 38:4-9.) These acts of alleged excessive force were not reasonably foreseeable, and were, in fact, an intervening cause of plaintiff's injuries. The District's alleged actions or inactions were not the proximate cause of plaintiff's injuries.

**V.      PLAINTIFF DOES NOT PROVIDE AN ARGUMENT AS TO SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIMS.**

Plaintiff does not address the District's valid legal argument as to supplemental jurisdiction in this case. Plaintiff provides only one conclusory sentence, which assumes, without legal authority, that plaintiffs §1981 arguments are valid, and that this Court should retain jurisdiction over remaining state claims. Plaintiff does not address the cases cited by defendant. In this case, without the federal claim, there is no substantive reason for this Court to retain jurisdiction over this case. Therefore, if plaintiff's federal claim fails at this stage of this litigation, the court should decline to exercise supplemental jurisdiction and dismiss plaintiff's supplemental common law negligence claim.

### *Conclusion*

For all of the reasons set forth above, defendant respectfully requests that the Court enter judgment in its favor.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
NICOLE L. LYNCH [D.C. Bar #471953]
Chief, General Litigation, Section II


_____/s/_____
URENTHEA McQUINN [D.C. Bar  #182253]
Assistant Attorney General
441 4th Street, N.W.
Sixth Floor South
Washington, D.C.  20001
(202) 724-6646
(202) 727-3625 (Fax)
urenthea.mcquinn@dc.gov


October 19, 2007